UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SKYPOINT ADVISORS, LLC.,

    Plaintiff,

v.                           Case No: 2:18-cv-356-FtM-29MRM

3 AMIGOS PRODUCTIONS LLC.,
BLACKBURNSTEELE LLC., ISSA
ZAROUI, and MARK C CRAWFORD,

    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of the defendants' Motion to Dismiss (Doc. #56) filed on January 17, 2019. Plaintiff filed a Response (Doc. #64) on January 30, 2019, the defendants filed a Reply (Doc. #72) on February 15, 2019, and plaintiff filed a Sur Reply (Doc. #78) on February 28, 2019. For the reasons that follow, the motion is granted, with leave to amend.

**I.**

**A. The Parties**

Plaintiff Skypoint Advisors, LLC is a Florida limited liability company. (Doc. #52, p. 1.) Defendant 3 Amigos Productions, LLC is a Nevada limited liability company with three managing members: (1) defendant BlackburnSteele, LLC, a Nevada limited liability company, (2) defendant Issa Zaroui, a resident

of New York, and (3) non-party Chad Pittman, a resident of Virginia. (Id. pp. 1-2.) Finally, defendant Mark Crawford is the sole managing member of defendant BlackburnSteele. (Id. p. 2.)

**B. Factual History**

According to the Second Amended Complaint, the defendants began soliciting plaintiff in November 2016 to invest in the production of a proposed film entitled "Lazarat Burning." (Id. p. 4.) From then until January 2017, the defendants made representations to plaintiff regarding the film's production, financing, and potential profits. (Id. pp. 5-6.) In early 2017, plaintiff and defendant 3 Amigos entered into a "Film Financing Agreement," with plaintiff agreeing to loan $50,000 as an investment in the project. (Id. p. 7; Doc. #52-1, p. 32.) Per the terms of the agreement, plaintiff elected to receive a proportional share of the film's profits rather than interest on the $50,000. (Doc. #52-1, p. 33.) The agreement contained a distribution schedule and stated the distributions constituted "securities" exempt from federal registration requirements. (Id. p. 34.) Finally, the agreement contained a choice of law provision construing the agreement under Florida law, and a forum-selection clause listing "any court in the State of Florida" as having jurisdiction over the matter. (Id. p. 35.)

Sometime after entering into the agreement, plaintiff "developed significant concerns" related to the project and

2

demanded a refund of its money. (Doc. #52, pp. 10-11.) The defendants refused to return plaintiff's investment and plaintiff initiated this action on May 22, 2018. (Id. p. 12; Doc. #1.)

**C. Procedural History**

On January 3, 2019, plaintiff filed its Second Amended Complaint alleging the following six claims: (1) violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder; (2) violation of Florida's Securities Investor Protection Act, § 517.011 et. seq., Fla. Stat.; (3) common law fraud; (4) violation of Florida's Deceptive and Unfair Trade Practices Act, § 501.201 et. seq., Fla. Stat.; (5) breach of contract; and (6) breach of fiduciary duty. (Doc. #52, pp. 12-26.) The first four claims are alleged against all the defendants, while the fifth and sixth claims are alleged only against defendant 3 Amigos. (Id.) Plaintiff claims damages of over $90,000. (Id. p. 7.)

On January 17, 2019, the defendants filed the Motion to Dismiss now before the Court. (Doc. #56.) The motion seeks dismissal on the following grounds: (1) failure to satisfy pleading requirements as to Count One; (2) lack of subject matter jurisdiction as to Counts Two through Six; and (3) lack of personal jurisdiction over defendants BlackburnSteele, Crawford, and Zaroui. (Id. pp. 11-21.) The motion also seeks to have sanctions

imposed on plaintiff for the filing of a frivolous claim. (Id. pp. 21-24.)

**II.**

**A. Failure to Satisfy Pleading Requirements**

Section 10(b) of the Securities Exchange Act makes it unlawful for any person to "use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b). SEC Rule 10b–5 implements this provision by making it unlawful to, *inter alia*, "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." 17 C.F.R. § 240.10b-5(b). The Supreme Court has "implied a private cause of action from the text and purpose of § 10(b)." Matrixx Initiatives, Inc. v. Siracusano, 563 U.S 27, 37 (2011) (citation omitted).

To survive a motion to dismiss, a claim brought under Rule 10b-5(b) must satisfy: (1) the federal notice pleading requirements in Federal Rule of Civil Procedure 8(a)(2); (2) the special fraud pleading requirements in Federal Rule of Civil Procedure 9(b); and (3) the additional pleading requirements in the Private Securities Litigation Reform Act of 1995 ("PSLRA").

In re Galectin Therapeutics, Inc. Sec. Litig., 843 F.3d 1257, 1269 (11th Cir. 2016).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must allege "enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

In addition to the Rule 8(a)(2) requirements, Rule 9(b) requires that for complaints alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

> While Rule 9(b) does not abrogate the concept of notice pleading, it plainly requires a complaint to set forth: (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff, and; (4) what the defendant obtained as a consequence of the fraud.

In re Galectin, 843 F.3d at 1269 (citations omitted). The "[f]ailure to satisfy Rule 9(b) is a ground for dismissal of a complaint." Id. (quoting Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005)).

Finally, the PSLRA also imposes heightened pleading requirements for Rule 10b-5(b) actions. Id. For Rule 10b-5(b) claims predicated on allegedly false or misleading statements or omissions, the PSLRA provides that

> the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.

15 U.S.C. § 78u-4(b)(1).

Count One of the Second Amended Complaint accuses the defendants of making fraudulent statements to induce plaintiff to invest in the film project. (Doc. #52, pp. 12-15.) Regarding the alleged misrepresentations, the Second Amended Complaint asserts the following:

> From November 2016 to January 2017, prior to execution of the Agreement and while Plaintiff was in Florida, Zaroui, Crawford, BlakcburnSteele [sic], and 3 Amigos all reached into Florida and knowingly made a number of misrepresentations to Skypoint via use of the internet and telephone, including but not limited to Skype, phone calls, video conferencing, emails, attachments, and text messages, for the purpose of inducing Skypoint to invest in the Project, which include, but are not limited to:
>
> (a) that the Project was almost fully funded due to almost two years' worth of work by Defendants, that Skypoint's then proposed $50,000.00 investment was the final investment needed to complete the budget for the Project, and that Skypoint was the final investor accepted for the Project;
>
> (b) characterized Spypoint's then proposed $50,000.00 investment as de minimus in light of the investment funds already collected for the Project and presented 3

6

Amigos's proposed acceptance of Skypoint's $50,000.00 investment as doing a favor for Skypoint;

(c) that the preproduction work for the Project was already paid, and that Crawford, Zaroui, and Pittman already personally invested $30,000.00 each to the Project;

(d) that Zaroui's family members also invested monies into the Project;

(e) that DigitAlb, a prominent Albanian media company, already invested $400,000.00 into the Project;

(f) that 3 Amigos ha[d] existing contracts with distribution companies Karo Films, the largest Russian firm of its kind in the Russian region, and Fantastic Film International[,] regarding distribution of the Project resulting in revenue in excess of $20,000[,]000.00;

(g) that Gabriel Garko, a preeminent Italian actor, [wa]s playing a major role in the Project and therefore pre-sale forecasts ha[d] been met resulting in additional revenue of two to three million dollars in the Italian market alone; and

(h) that all third-party consultants had been previously paid prior to Skypoint's decision to invest.

(Id. pp. 4-6.) The Second Amended Complaint states that these statements were false, the defendants had knowledge of their falsity, and the defendants made the statements in an attempt to mislead investors into investing in the project. (Id. p. 6.)

The defendants argue that plaintiff's § 10(b) claim fails to meet the specificity requirements of Rule 9(b) and the PSLRA. (Doc. #56, pp. 11-13.) As noted, the Eleventh Circuit has stated that Rule 9(b) requires a complaint sets forth

7

> (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff, and; (4) what the defendant obtained as a consequence of the fraud.

In re Galectin, 843 F.3d at 1269 (citations omitted).

Having reviewed the allegations in the Second Amended Complaint, the Court finds plaintiff has failed to meet the particularity requirements of Rule 9(b). For example, while the Second Amended Complaint identifies the alleged misrepresentations and the general timeframe in which they took place, it fails to identify who made the misrepresentations beyond a general accusation against *all* the defendants. See Durham v. Whitney Info. Network, Inc., 2009 WL 3783375, *17 (M.D. Fla. Nov. 10, 2009) ("Rule 9(b) does not allow a complaint to merely 'lump' multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" (citation omitted)); Sewell v. D'Alessandro & Woodyard, Inc., 2008 WL 4459260, *6 (M.D. Fla. Sept. 29, 2008) ("The Amended Complaint generally fails to satisfy the Rule 9(b) requirements. For example, the Amended Complaint fails to allege specifically who made what misrepresentations, generalizing instead that misrepresentations

'were made by defendants First Home Builders, D & W, and GDW and their agents, representatives and affiliates (including other real estate brokerage firms which acted as referring brokers).'").

The Court also finds that the Second Amended Complaint fails to meet the requirements of the PSLRA, which states the following:

> In any private action arising under this chapter in which the plaintiff alleges that the defendant—
>
> > (A) made an untrue statement of a material fact; or
> >
> > (B) omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading;
>
> the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.

15 U.S.C. § 78u-4(b)(1). As noted, the Second Amended Complaint alleges the defendants informed plaintiff prior to the agreement that defendant 3 Amigos had contracts with distribution companies for the film. (Doc. #52, p. 5.) Plaintiff claims, "upon information and belief," that no such contracts ever existed. (Id. p. 10.) However, because plaintiff has not stated "with particularity all facts on which that belief is formed," 15 U.S.C. § 78u-4(b)(1), it has failed to meet the pleading requirements of the PSLRA.

9

Accordingly, the Court finds Count One of the Second Amended Complaint fails to meet the requirements of Rule 9(b) and the PSLRA, and the claim will be dismissed without prejudice.[1] While this is the third version of the complaint filed, the Court will give plaintiff one final chance to amend. Furthermore, because Count One is subject to dismissal due to the pleading deficiencies, the Court finds it is unnecessary to address the other alleged deficiencies raised by the defendants. See Serefex Corp. v. Hickman Holdings, LP, 695 F. Supp. 2d 1331, 1342 (M.D. Fla. Feb. 23, 2010) (dismissing claim for failure to meet the requirements of Rule 9(b) and noting "the Court need not address the other claimed deficiencies in plaintiff's § 10(b) and Rule 10b-5 claim").

**B. Lack of Subject Matter Jurisdiction**

The defendants argue that the Court should dismiss Counts Two through Six for lack of subject matter jurisdiction. (Doc. #56, p. 17.) In raising these claims in the Second Amended Complaint,

---

[1] The Court does not need to address at this time plaintiff's "group pleading theory." (Doc. #78, pp. 4-5.) However, the Court notes that it is unclear whether that doctrine is still viable under the PSLRA and Rule 9(b). See Sewell, 2008 WL 4459260, *6 (noting the Eleventh Circuit has not decided whether the group pleading doctrine is viable under the PSLRA and Rule 9(b)); see also Murdeshwar v. Search Media Holdings Ltd., 2011 WL 7704347, *12 (S.D. Fla. Aug. 8, 2011) (noting a split among the circuits over the continued validity of the group pleading doctrine under the PSLRA).

plaintiff asserts this Court has both supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. #52, pp. 16, 19, 21, 23, 25.) In the Motion to Dismiss, the defendants challenge both of plaintiff's jurisdictional claims. (Doc. #56, pp. 17-18.) Having reviewed the pleadings and arguments, the Court finds plaintiff has failed to plead sufficient facts to invoke this Court's jurisdiction.

Regarding the complaint's claim that Counts Two through Six are within this Court's jurisdiction pursuant to 28 U.S.C. § 1367, the Court has now dismissed the only federal claim in the Second Amended Complaint. Therefore, plaintiff cannot rely upon supplemental jurisdiction for the remaining non-federal claims. See 28 U.S.C. § 1367(c)(3) (providing that district courts may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it has original jurisdiction); Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). Accordingly, the Court can only have jurisdiction over the non-federal claims if the requirements are met for diversity jurisdiction.

Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of

interest and costs. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). The defendants argue plaintiff has failed to meet the amount-in-controversy requirement because there is no support for plaintiff's claimed damages of $90,000. (Doc. #56, pp. 18-19.) Plaintiff's pre-complaint demand for a refund requested the defendants return the $50,000 investment and $2,500 in interest. (Doc. #52-2, p. 59.) The defendants argue that plaintiff's new allegation of an additional $40,000 in damages is simply an effort to meet the amount-in-controversy requirement, and is a "self-serving, conclusory, eleventh-hour claim . . . not entitled to any usual good faith presumptions." (Doc. #56, p. 18.) Plaintiff responds by asserting the damages are claimed in good faith, (Doc. #64, p. 13), as well as providing an affidavit from plaintiff's president that the amount is accurate, (Doc. #65, p. 3.) At this stage of the proceedings, the Court will assume plaintiff has acted in good faith as to its damages. 28 U.S.C. § 1332(a); see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) ("A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith.").[2]

---

[2] Plaintiff's Initial Complaint did not allege diversity jurisdiction or claim an amount of damages. (Doc. #1.) To the extent the defendants rely upon this fact to suggest the new $90,000 claim of damages is not made in good faith, (Doc. #56, p. 18), the Court rejects that argument. See Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473-74 (2007) ("[W]hen a plaintiff

12

Even assuming plaintiff has met the amount-in-controversy requirement, however, the Court finds it has failed to demonstrate diversity of citizenship. See Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (noting that federal courts "are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking"). Plaintiff and two of the defendants in this action are limited liability companies. A limited liability company is a citizen of any state of which one of its members is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). To sufficiently allege citizenship, "a party must list the citizenships of all the members of the limited liability company." Id. The Second Amended Complaint fails to meet this requirement. Furthermore, to the extent the Second Amended Complaint describes the residency of the defendants, (Doc. #52, p. 2), "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person," Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).

As plaintiff has failed to demonstrate complete diversity, Counts Two through Six of the Second Amended Complaint will also

---

files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.").

13

be dismissed with one final opportunity to amend.[3]

**C. Sanctions**

The defendants request the Court impose sanctions pursuant to section 78u-4(c) of the PSLRA. (Doc. #56, pp. 21-24.) That provision requires the Court to make "record specific findings" regarding compliance by each party and each attorney with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(c)(1).[4] However, the provision only applies "upon final adjudication of the action." Id. As the Court is dismissing the Second Amended Complaint with leave to amend, there has not been a final adjudication and the defendants' request for sanctions under section 78u-4(c) is denied.

Accordingly, it is now

**ORDERED:**

1. The defendants' Motion to Dismiss (Doc. #56) is **GRANTED in part and DENIED in part**. Count One of the Second Amended

---

[3] Given the Court's determination regarding the pleading deficiencies of Count One and the lack of subject matter jurisdiction over Counts Two through Six, the defendants remaining arguments regarding Rule 12(b)(6) and 12(b)(3) will be denied without prejudice. The defendants may re-raise the arguments if plaintiff can file an amended complaint that cures the pleading and jurisdictional deficiencies.

[4] Rule 11(b) imposes a duty upon attorneys to "refrain from filing or pursuing frivolous claims." Mirabilis Ventures, Inc. v. Palaxar Grp., LLC, 2010 WL 5582878, *9 (M.D. Fla. Dec. 15, 2010) (citation omitted).

14

Complaint is dismissed without prejudice for failure to meet the heightened pleading requirements of Rule 9(b) and the PSLRA, and Counts Two through Six are dismissed without prejudice for lack of subject matter jurisdiction.

2. The defendants' request for sanctions under section 78u-4(c) is **DENIED.**

3. Plaintiff is granted leave to file a third and final amended complaint within **TWENTY-ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of April, 2019.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record