UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SKYPOINT ADVISORS, LLC.,

      Plaintiff,

v.                                    Case No: 2:18-cv-356-FtM-29MRM

3 AMIGOS PRODUCTIONS LLC.,
BLACKBURNSTEELE LLC., ISSA
ZAROUI, and MARK C CRAWFORD,

      Defendants.

_____

### ORDER AND OPINION

This matter comes before the Court on the defendants' Motion for Reconsideration (Doc. #116) filed on August 9, 2019. The defendants seek reconsideration of this Court's July 25, 2019 Order and Opinion (Doc. #111) denying the defendants' motion to dismiss. In the alternative, the defendants request the Court amend the July 25th order to include a certificate for interlocutory appeal. Plaintiff filed a Response (Doc. #121) on August 22, 2019. For the reasons that follow, the motion is denied.

**I.**

**A. The Parties**

According to the Third Amended Complaint, plaintiff Skypoint Advisors, LLC is a Florida limited liability company by and through its members, which include Dennis Dreni. (Doc. #93, p. 1.) Defendant 3 Amigos Productions, LLC is a Nevada limited liability

company with three managing members: (1) defendant BlackburnSteele, LLC, a Nevada limited liability company; (2) defendant Issa Zaroui, a citizen of New York; and (3) non-party Chad Pittman, a citizen of Virginia. (Id. pp. 1-2.) Finally, defendant Mark Crawford is the sole managing member of defendant BlackburnSteele. (Id. p. 2.)

## B. Factual History

According to plaintiff, the defendants, individually and acting in concert, began soliciting plaintiff's member Dreni in November 2016 to invest in the production of a proposed film entitled "Lazarat Burning." (Id. pp. 4-5.) From November 2016 until January 2017, the defendants made representations to Dreni regarding the film's production, financing, and potential profits. (Id. pp. 5-25.) In early 2017, plaintiff and defendant 3 Amigos entered into a "Film Financing Agreement," with plaintiff agreeing to loan $50,000 as an investment in the project. (Id. p. 27; Doc. #93-1, p. 52.) Per the terms of the agreement, plaintiff elected to receive a proportional share of the film's profits rather than interest on the $50,000. (Doc. #93-1, p. 53.) The agreement contained a distribution schedule and stated the distributions constituted "securities" exempt from federal registration requirements. (Id. p. 54.) Finally, the agreement contained a choice of law provision construing the agreement under Florida

law, and a forum-selection clause listing "any court in the State of Florida" as having jurisdiction over the matter. (Id. p. 55.)

Sometime after entering into the agreement, plaintiff "developed significant concerns" related to the project and demanded a refund of its money. (Doc. #93, p. 31.) The defendants refused to return plaintiff's investment and plaintiff initiated this action in May 2018. (Id. p. 32; Doc. #1.)

## C. Procedural History

In January 2019, plaintiff filed its Second Amended Complaint alleging a claim under Section 10(b) of the Securities Exchange Act of 1934, as well as various Florida and common law claims. (Doc. #52, pp. 12-26.) The defendants filed a motion to dismiss (Doc. #56), which the Court granted in part and denied in part. (Doc. #92.) The Court found the Section 10(b) claim failed to meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and the Court lacked subject matter jurisdiction for the remaining claims. (Doc. #92, pp. 14-15.) As this was the third version of the complaint filed, the Court granted plaintiff one final opportunity to amend and cure the pleading and jurisdictional deficiencies. (Id. pp. 10, 14, 15.)

On April 30, 2019, plaintiff filed its Third Amended Complaint alleging the following six claims: (1) violation of Section 10(b)

of the Securities Exchange Act and Rule 10b-5 promulgated thereunder; (2) violation of Florida's Securities and Investor Protection Act, § 517.011 et. seq., Fla. Stat.; (3) common law fraud; (4) violation of Florida's Deceptive and Unfair Trade Practices Act, § 501.201 et. seq., Fla. Stat.; (5) breach of contract; and (6) breach of fiduciary duty. (Doc. #93, pp. 32-47.) The first four claims are alleged against all the defendants, while the fifth and sixth claims are alleged only against defendant 3 Amigos. (Id.) Plaintiff claims damages of over $90,000. (Id. p. 27.)

On May 21, 2019, the defendants filed another motion to dismiss. (Doc. #96.) The motion sought dismissal on a variety of grounds, but specifically argued the Section 10(b) claim should be dismissed for (1) failing to satisfy the heightened pleading requirements of the PSLRA and Rule 9(b), and (2) failing to state a claim upon which relief can be granted. (Id. pp. 11-17.) On July 25, 2019, the Court denied the motion. (Doc. #111.) Regarding the Section 10(b) claim, the Court found the Third Amended Complaint met the heightened pleading requirements of Rule 9(b) and the PSLRA, and alleged sufficient facts to state a claim. (Id. pp. 8-18.)

On August 9, 2019, the defendants filed the motion for reconsideration now before the Court. (Doc. #116.) The motion requests the Court reconsider its prior Order and Opinion denying

the motion to dismiss, asserting the Court "was in error regarding the law to be applied, the application of the law to the allegations of the [Third Amended Complaint] or in fully understanding or addressing Defendants' arguments." (<u>Id.</u> p. 6.) Alternatively, if reconsideration shall be denied, the defendants request the Court certify its prior Order and Opinion for immediate interlocutory appeal. (<u>Id.</u> p. 19.) The Court will address each of these arguments in turn.

## II.

### A. Legal Standard for Reconsideration

A non-final order may be revised at any time before the entry of a final judgment. Fed. R. Civ. P. 54(b). The decision to grant a motion for reconsideration is within the sound discretion of the trial court, <u>Region 8 Forest Serv. Timber Purchasers Council v. Alcock</u>, 993 F.2d 800, 806 (11th Cir. 1993), and courts have delineated three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice," <u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citation omitted). Additionally, appropriate circumstances for reconsideration include situations in which "the Court has obviously misapprehended a party's position, or the facts, or mistakenly has decided an issue not presented for determination." <u>United States</u>

v. Halifax Hosp. Med. Ctr., 2013 WL 6284765, *1 (M.D. Fla. Dec. 4, 2013).

However, reconsideration of a court's order "is an extraordinary remedy and a power to be 'used sparingly,'" Santamaria v. Carrington Mortg. Servs., LLC, 2019 WL 3537150, *2 (M.D. Fla. July 10, 2019) (citation omitted), with the burden "upon the movant to establish the extraordinary circumstances supporting reconsideration," Mannings v. Sch. Bd. of Hillsborough Cty., Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). The motion "must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Santamaria, 2019 WL 3537150, *2 (citation omitted).

**B. Relevant Factual Allegations from the Third Amended Complaint**

The defendants' motion for reconsideration focuses on the Court's ruling regarding the Section 10(b) claim in the Third Amended Complaint. Section 10(b) of the Securities Exchange Act makes it unlawful for any person to "use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b). SEC Rule 10b-5 implements this provision by making it unlawful to, *inter alia*, "make any untrue

statement of a material fact or to omit to state a material fact
necessary in order to make the statements made, in the light of
the circumstances under which they were made, not misleading." 17
C.F.R. § 240.10b–5(b). The Supreme Court has "implied a private
cause of action from the text and purpose of § 10(b)." Matrixx
Initiatives, Inc. v. Siracusano, 563 U.S. 27, 37 (2011) (citation
omitted).

The Third Amended Complaint's Section 10(b) claim accuses the
defendants of making fraudulent statements to induce plaintiff to
invest in a film project. (Doc. #93, pp. 32-36.) The Third
Amended Complaint lists the following as examples of the
misrepresentations made by the defendants:

> (a) that the Project was almost contractually fully
> funded due to almost two years' worth of work by
> Defendants[;]
> . . .
> (b) that Skypoint's then proposed $50,000.00 investment
> was the final investment needed to complete the budget
> for the Project, describing Skypoint's then proposed
> $50,000.00 investment as contingent in that the
> expenditure thereof may not be necessary for the
> completion of the Project, and that Skypoint was the
> final investor accepted for the Project[;]
> . . .
> (c) mischaracterized Skypoint's then proposed $50,000.00
> investment as de minimus in light of the investment funds
> already collected for the Project and presented 3
> Amigos's proposed acceptance of Skypoint's $50,000.00
> investment as doing a favor for Skypoint[;]
> . . .
> (d) that all of the production work for the Project was
> already paid[;]
> . . .

(e) that Crawford, Zaroui, and Pittman already personally invested at least $30,000.00 each to the Project[;]

. . .

(f) that DigitAlb, a prominent Albanian media company, already invested approximately $400,000.00 into the Project[;]

. . .

(g) that 3 Amigos had existing contracts with distribution companies Karo Films, the largest Russian firm of its kind in the Russian region, and Fantastic Film International regarding distribution of the Project resulting in revenue of $24,000.000.00[;]

. . .

(h) that Gabriel Garko, a preeminent Italian actor, [wa]s playing a major role in the Project and therefore pre-sale forecasts ha[d] been met resulting in additional revenue of two to three million dollars in the Italian market alone[;]

. . .

(i) that all third-party consultants had been previously paid prior to Skypoint's decision to invest[;]

. . .

(j) that Crawford was Chief Financial Officer of 3 Amigos and that he had sole control and access over 3 Amigos' financial accounts[.]

(Id. pp. 5-24.) The Third Amended Complaint states these statements were false, each defendant had knowledge of their falsity, and the defendants made the statements in an attempt to mislead investors into investing in the project. (Id. pp. 25-26.) Further, the Third Amended Complaint alleges the following:

61. 3 Amigos, Zaroui, BlackburnSteele and Crawford, jointly and severally, carried out a plan, scheme, and course of conduct that was intended to, and did (i) deceive Skypoint, as alleged herein; and (ii) cause Skypoint to invest in the Project. In furtherance of this unlawful scheme, 3 Amigos, Zaroui, BlackburnSteele, and Crawford took the actions set forth herein.

62. At all times material hereto, Defendants (i) employed devices, schemes, and artifices to defraud;

(ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; (iii) manufactured documents such as Excel, PDF, pictures, and logos in order to mislead Skypoint as to the validity of funding and revenue generation of the Project; and (iv) engaged in acts, practices and a course of business which operated as a fraud and deceit upon Skypoint as an investor of the Project in violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5. Defendants are sued as primary participants in the wrongful and illegal conduct charged herein pursuant to Section 20(a) of the Securities Exchange Act of 1934.

63. 3 Amigos, Zaroui, BlackburnSteele and Crawford, individually and in concert, directly and indirectly, by the use, means, or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a course of conduct to conceal adverse material information about the Project, the status of the Project, and the funds available for the Project, and fraudulently obtained investment money from Skypoint, among other things, as specified herein.

64. Defendants each employed devices, schemes and artifices to defraud and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure Skypoint of the value of investing in the Project, which included the making of, or the participation in the making of, untrue statements of material facts about the Project and omitting to state material facts necessary in order to make the statements made not misleading.

65. Zaroui, BlackburnSteele, and Crawford's primary liability arises from the following facts, among others: (i) they were high-level officers within 3 Amigos and/or high-level players in the scheme to sell Skypoint an interest in the Project; (ii) they, by virtue of their responsibilities and activities as high-level players in the scheme, were privy to and participated in the creation, development and dissemination of 3 Amigo's projections and/or reports; and (iii) they were aware of 3 Amigo's dissemination of information to Skypoint which they knew or recklessly disregarded was materially false and misleading.

66. 3 Amigos, Zaroui, BlackburnSteele, and Crawford had actual knowledge of the misrepresentations and omissions of material facts set for [sic] herein, or acted with severely reckless disregard for the truth, in that each failed to ascertain and disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or with deliberate recklessness and for the purpose and effect of concealing information regarding the Project's true status as a façade and vehicle for fraud and theft.

67. Defendants' actions, as described herein, were made with the intent to deceive, manipulate, or defraud Skypoint.

68. As a result of the dissemination of materially false and misleading information and failure to disclose material facts, as set forth herein, the Project appeared to be a legitimate investment opportunity for Skypoint.

69. In ignorance of the fact that the Project's investment opportunity was merely a façade for a criminal scheme, Skypoint invested its money into the Project and was damaged thereby.

70. At the time of said misrepresentations and omissions, Skypoint was ignorant of their falsity and believed them to be true. Had Skypoint known of Defendants' fraudulent practices, Skypoint would not have invested or otherwise acquired an interest in the Project.

71. By virtue of the foregoing, 3 Amigos, Zaroui, BlackburnSteele, and Crawford have each violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

72. As a direct, proximate, and substantial result of 3 Amigos, Zaroui, BlackburnSteele, and Crawford's wrongful conduct, Skypoint suffered damages in connection with its investment in the Project.

(Id. pp. 33-36.)

## C. Arguments for Reconsideration

To state a claim for securities fraud under Section 10(b) and Rule 10b-5, a plaintiff must adequately allege: (1) a material misrepresentation or omission; (2) scienter; (3) a connection between the misrepresentation and the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation. Meyer v. Greene, 710 F.3d 1189, 1194 (11th Cir. 2013) (citing Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 341-42 (2005)). Furthermore, to survive a motion to dismiss, a claim brought under Rule 10b-5(b) must satisfy: (1) the federal notice pleading requirements in Federal Rule of Civil Procedure 8(a)(2); (2) the special fraud pleading requirements in Federal Rule of Civil Procedure 9(b); and (3) the additional pleading requirements in the PSLRA. In re Galectin Therapeutics, Inc. Sec. Litig., 843 F.3d 1257, 1269 (11th Cir. 2016).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must allege "enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

In addition to the Rule 8(a)(2) requirements, Rule 9(b) requires that parties alleging fraud or mistake "must state with

particularity the circumstances constituting fraud or mistake."
Fed. R. Civ. P. 9(b).

> While Rule 9(b) does not abrogate the concept of notice
> pleading, it plainly requires a complaint to set forth:
> (1) precisely what statements or omissions were made in
> which documents or oral representations; (2) the time
> and place of each such statement and the person
> responsible for making (or, in the case of omissions,
> not making) them; (3) the content of such statements and
> the manner in which they misled the plaintiff, and; (4)
> what the defendant obtained as a consequence of the
> fraud.

In re Galectin, 843 F.3d at 1269 (citations omitted); see also

Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006)

("A sufficient level of factual support for a [Section 10(b)] claim

may be found where the circumstances of the fraud are pled in

detail. 'This means the who, what, when[,] where, and how: the

first paragraph of any newspaper story.'" (citation omitted)).

The "[f]ailure to satisfy Rule 9(b) is a ground for dismissal of

a complaint." In re Galectin, 843 F.3d at 1269 (quoting Corsello

v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005)).

Finally, the PSLRA also imposes heightened pleading

requirements for Rule 10b-5(b) actions. Id. For such claims

predicated on allegedly false or misleading statements or

omissions, the PSLRA provides that

> the complaint shall specify each statement alleged to
> have been misleading, the reason or reasons why the
> statement is misleading, and, if an allegation regarding
> the statement or omission is made on information and
> belief, the complaint shall state with particularity all
> facts on which that belief is formed.

15 U.S.C. § 78u-4(b)(1).

In seeking reconsideration, the defendants argue the Third Amended Complaint (1) fails to meet the current standards of scienter pleading, (2) fails to allege scienter of each defendant for each alleged statement, (3) fails the Supreme Court's plausibility test, (4) fails to sufficiently allege proximate causation of loss, and (5) fails to sufficiently allege reasonable reliance. (Doc. #116, pp. 6-13, 15-19.) Additionally, the defendants argue reconsideration should be granted because the Court misconstrued the defendants Rule 9(b) argument. (Id. p. 13-15.)

**1. Scienter**

In pleading scienter, a Section 10(b) claim must meet the PSLRA's requirement to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A); Thompson v. RelationServe Media, Inc., 610 F.3d 628, 633 (11th Cir. 2010). In this context, a "strong inference" of scienter is one that is "more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." Thompson, 610 F.3d at 633 (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 314 (2007)). When reviewing a complaint's scienter allegations, the court must (1) "accept all factual allegations in the complaint as true," (2) "consider the

complaint in its entirety" and determine "whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter," and (3) "take into account plausible opposing inferences." Id. at 633-34 (quoting Tellabs, 551 U.S. at 322-23). Moreover, "scienter must be found with respect to each defendant and with respect to each alleged violation of the statute." Id. (quoting Phillips v. Scientific-Atlanta, Inc., 374 F.3d 1015, 1017-18 (11th Cir. 2004)).

While the PSLRA imposes a heightened standard for pleading scienter, it does not alter the substantive intent requirements necessary to establish a Section 10(b) and Rule 10b-5 violation. Thompson, 610 F.3d at 634. In the Eleventh Circuit, Section 10(b) and Rule 10b-5 require a showing of either an "intent to deceive, manipulate, or defraud," or "severe recklessness." Id. (quoting Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1238 (11th Cir. 2008)). Accordingly, to survive a motion to dismiss, a Section 10(b) claim must "plead 'with particularity facts giving rise to a strong inference' that the defendants either intended to defraud investors or were severely reckless when they made the allegedly materially false or incomplete statements." Id. (quoting Mizzaro, 544 F.3d at 1238).

In the prior motion to dismiss, the defendants argued the Section 10(b) claim failed to adequately plead scienter by ignoring the requirement to allege scienter for each defendant with respect

to each alleged violation of the statute.  (Doc. #96, p. 14.)

Instead, according to the defendants, the Third Amended Complaint

> pleads generalized misstatements spread over a three-month period, utterly failing to identify *any* factual basis regarding the state of mind of *any* maker of *any* statement at *any* time, let alone regarding every misstatement alleged, as is required to avoid dismissal. The most scienter the [Third Amended Complaint] bothers to allege is that Defendants Crawford, BlackburnSteele and Zaroui were "high-level players" in the scheme to sell Skypoint an interest in the Project, and/or "high-level officers" of 3 Amigos. Failing to meet the pleading requirements for alleging scienter mandates dismissal of Skypoint's 10(b) claims.

(Id.)  The Court, considering the complaint in its entirety, accepting all factual allegations as true, and taking into account plausible opposing inferences, disagreed and found the Third Amended Complaint alleged sufficient facts which, taken collectively, gave rise to a strong inference of scienter.  (Doc. #111, p. 13.)  In support, the Court cited two cases from this district: Anderson v. Transglobe Energy Corp., 35 F. Supp. 2d 1363 (M.D. Fla. Feb. 8, 1999) and Page v. Derrickson, 1997 WL 148558 (M.D. Fla. Mar. 25, 1997).  (Doc. #111, p. 14.)

In the motion for reconsideration, the defendants first argue the Court "erroneously relied on a scienter pleading standard that no longer controls."  (Doc. #116, p. 6.)  Essentially the defendants argue the Court did not apply the PSLRA's heightened pleading standard to the Third Amended Complaint, as demonstrated by the Court's reliance on two cases that predated the Supreme

Court's opinions in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) and <u>Tellabs, Inc. v. Makor Issues and Rights, Ltd.</u>, 551 U.S. 308 (2007). (Doc. #116, pp. 7-9.) The Court disagrees. The Order and Opinion stated the heightened pleading standard for scienter allegations and applied that standard to the facts alleged in the Third Amended Complaint. (Doc. #111, pp. 11-14.) While the defendants may disagree with the Court's ultimate conclusion in applying the heightened standard, they have not demonstrated entitlement to reconsideration. <u>See</u> <u>Galle v. Nationstar Mortg., LLC</u>, 2018 WL 3390238, *1 (M.D. Fla. Jan. 25, 2018) ("That Nationstar disagrees with the Court's conclusion is not a basis for reconsideration of that conclusion.").

The defendants next argue that in finding the Third Amended Complaint's scienter allegations sufficient, "the Court did not address a key scienter pleading deficiency raised by Defendants' [motion to dismiss], namely that the alleged misstatements supposedly occurred on non-specific dates *over a three-month period* from November 2016 to January 2017." (Doc. #116, p. 10.) The defendants argue that because the majority of the alleged misstatements do not have a specific date and the Third Amended Complaint alleges each defendant made each misrepresentation, "an alleged misstatement by one Defendant with scienter does not imply that another defendant repeating the statement necessarily knew of its falsity." (<u>Id.</u> p. 11.) The defendants also argue that the

Court failed to address the possibility that Pittman was the source of all the alleged misinformation, and that the defendants only repeated the misinformation in good faith over a three-month period. (Id.)

Having reviewed the defendants' motion to dismiss, the Court finds it did not err in failing to address these arguments because the defendants did not present them as part of their scienter argument.[1] As noted, the motion's scienter argument, which consisted of one paragraph, stated the Third Amended Complaint ignored the requirement to plead scienter with respect to each defendant and for each alleged violation, and instead

> pleads generalized misstatements spread over a three-month period, utterly failing to identify *any* factual basis regarding the state of mind of *any* maker of *any* statement at *any* time, let alone regarding every misstatement alleged, as is required to avoid dismissal. The most scienter the [Third Amended Complaint] bothers to allege is that Defendants Crawford, BlackburnSteele and Zaroui were "high-level players" in the scheme to sell Skypoint an interest in the Project, and/or "high-level officers" of 3 Amigos. Failing to meet the pleading requirements for alleging scienter mandates dismissal of Skypoint's 10(b) claims.

(Doc. #96, p. 14.) The Court finds this broad assertion does not

---

[1] The Court notes that the motion to dismiss did raise similar arguments as part of other issues. For example, the motion argued the Third Amended Complaint's three-month range allegation was insufficient under Rule 9(b). (Doc. #96, p. 12.) Similarly, the motion argued that because Pittman could have made any statements attributable to defendant 3 Amigos, the other defendants would not be liable under Janus Capital Group, Inc. v. First Derivative Traders, 564 U.S. 135 (2011). (Id.) The Court addressed and rejected each of these arguments. (Doc. #111, pp. 9-10.)

encompass the specific arguments now being advanced relating to Pittman and the repeating of misinformation. See OCR Sols., Inc. v. CharacTell, Inc., 2017 WL 6948587, *1 (M.D. Fla. Oct. 6, 2017) ("A party may abandon an argument by failing to plainly and prominently raise it, for instance by devoting a discrete section of his argument to that claim." (marks and citations omitted)); Connectus LLC v. Ampush Media, Inc., 2017 WL 2620541, *5 (M.D. Fla. June 16, 2017) (noting "such terse, off-handed references do not sufficiently raise an argument"). Because the Court finds the defendants are raising these arguments as applied to scienter for the first time, reconsideration is inappropriate. See OCR, 2017 WL 6948587, *1 ("[A] motion for reconsideration does not provide parties the opportunity to present for the first time an argument that could have been raised when the matter was initially before the court.").

## 2. Plausibility

The defendants next state that the Court erred by using "a pleading standard with regard to plausibility that no longer controls." (Doc. #116, p. 12.) In the prior Order and Opinion, the Court stated the following:

> The defendants also note that the Third Amended Complaint "repeatedly casts each Defendant as having made identical serial misrepresentations." (Doc. #96, p. 12.) To the extent the defendants are arguing for dismissal based on the validity of plaintiff's allegations, the Court rejects such an argument. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir.

1994) ("In ruling on a motion to dismiss for failure to
state a claim, the district court must accept the
allegations of the complaint as true and must construe
the facts alleged in the light most favorable to the
plaintiff.").

(Doc. #111, p. 9 n.1). The defendants argue the Court erred
because "there is no longer any requirement to accept allegations
as true which are conclusory or implausible." (Doc. #116, p. 12.)
The defendants further argue that because the Third Amended
Complaint alleges each defendant individually made the same
misrepresentations to plaintiff over a three-month period, such
allegations are implausible and the Court erred in accepting them.
(Id. pp. 12-13.)

The Court rejects the defendants' argument. The prior Order
and Opinion did not apply the wrong standard because the
allegations in the Third Amended Complaint are not implausible.
See Iqbal, 556 U.S. at 678 (noting "[t]he plausibility standard is
not akin to a 'probability requirement'"); Twombly, 550 U.S. at
556 (noting "a well-pleaded complaint may proceed even if it
strikes a savvy judge that actual proof of those facts is
improbable, and 'that a recovery is very remote and unlikely'"
(citation omitted)); Barton v. Florida, 2007 WL 1724943, *1 (N.D.
Fla. June 13, 2007) (noting that under Twombly, the allegations in
the complaint must contain enough factual matter, "taken as true
even if doubtful in fact," to establish plausible entitlement to
relief).

### 3. Proximate Causation of Loss

The defendants next suggest "the Court's analysis of proximate loss was incomplete." (Doc. #116, p. 15.) The loss causation element of a Rule 10b-5 claim requires that the defendant's fraud be both the but-for and proximate cause of the plaintiff's later losses. FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1309 (11th Cir. 2011). Stated differently, "loss causation describes 'the link between the defendant's misconduct and the plaintiff's economic loss.'" Robbins v. Kroger Properties, Inc., 116 F.3d 1441, 1447 (11th Cir. 1997) (quoting Rousseff v. E.F. Hutton Co., Inc., 843 F.2d 1326, 1329 n.2 (11th Cir. 1988)). The plaintiff must show that the defendant's fraud—as opposed to some other factor—proximately caused his claimed losses; however, the plaintiff need not show that the defendant's misconduct was the "sole and exclusive cause" of his injury, but only that it was a "substantial" or "significant contributing cause." FindWhat, 658 F.3d at 1309 (citations omitted). Finally, loss causation is not subject to the PSLRA's heightened pleading requirement and must only be pled in accordance with Federal Rule of Civil Procedure 8(a)(2). In re Taco Energy, Inc. Sec. Litig., 2006 WL 2884960, *5 (M.D. Fla. Oct. 10, 2006).

"To sufficiently plead loss causation, the plaintiff can allege that had they known the truth, they would not have invested, and that the untruth was in some reasonably direct way responsible

for their loss." <u>Page</u>, 1997 WL 148558, *6; <u>see also</u> <u>Anderson</u>, 35 F. Supp. 2d at 1369 (same). In the prior Order and Opinion, the Court found the Third Amended Complaint adequately pled loss causation because it alleged (1) had plaintiff "known of Defendants' fraudulent practices, [plaintiff] would not have invested or otherwise acquired an interest" in the film, and (2) as a direct and proximate result of the defendants' conduct, plaintiff suffered damages from the investment. (Doc. #111, p. 15; Doc. #93, pp. 35-36.) As noted, the Third Amended Complaint alleges the film's investment opportunity "was merely a façade for a criminal scheme" and the project was a "vehicle for fraud and theft." (Doc. #93, p. 35.) In determining the Third Amended Complaint adequately pled loss causation, the Court cited a prior decision of this district: <u>In re PSS World Medical, Inc. Securities Litigation</u>, 250 F. Supp. 2d 1335 (M.D. Fla. 2002). (Doc. #111, pp. 15-16.)

In seeking reconsideration on this issue, the defendants first argue <u>PSS World Medical</u> is distinguishable from the present case. (Doc. #116, p. 15.) The Court disagrees. While the underlying facts may be different, <u>PSS World Medical</u> involved similar allegations as those made in the Third Amended Complaint. <u>See</u> <u>id.</u> at 1351 ("The Court also disagrees with the Defendants regarding the loss causation element of securities fraud. The Court finds that the Plaintiffs have averred that the Defendants'

misrepresentations or omissions caused the Plaintiffs' [sic] to purchase the inflated stock, and that the Defendants' fraud in committing GAAP violations and improprieties was part of a course of conduct that was ultimately the proximate cause of the Plaintiffs' loss"). Regardless, the defendants have not demonstrated the Court committed clear error in relying on PSS World Medical, and therefore reconsideration is not warranted.

The remaining arguments presented by the defendants on this issue relate either to arguments made in the prior motion to dismiss, or to issues that cannot be decided at the pleading stage. For example, the defendants state that the Third Amended Complaint "alleges nothing to distinguish between the losses caused by the 10(b) allegations and those caused by post-investment misconduct." (Doc. #116, p. 16.) The Court identified this argument in its prior Order and Opinion and was unconvinced by it. (Doc. #111, pp. 14-15); see also FindWhat, 658 F.3d at 1309 (noting that a plaintiff need not show that the defendant's misconduct was the "sole and exclusive cause" of his injury, but only that it was a "substantial" or "significant contributing cause"). The remainder of the defendants' arguments relate to whether plaintiff actually suffered a loss and how such a loss can be demonstrated. (Doc. #116, pp. 15-17.) However, such issues are beyond the scope of a motion to dismiss. See Eastwood Enters., LLC v. Farha, 2009 WL 3157668, *5 (M.D. Fla. Sept. 28, 2009) (noting "loss causation is

a fact-based inquiry that is generally not proper to resolve on a motion to dismiss"); see also Lormand v. US Unwired, Inc., 565 F.3d 228, 267 n.35 (5th Cir. 2009) ("[S]everal circuit courts and district courts point out that it is often inappropriate to use a Rule 12(b)(6) motion as a vehicle to resolve disputes over 'loss causation.'"). Accordingly, the Court finds reconsideration on the issue of loss causation is unwarranted.

**4. Reasonable Reliance**

The defendants next suggest the Court's analysis of the "reasonable reliance" element of the Section 10(b) claim was incomplete. (Doc. #116, p. 17.) To state a claim for securities fraud under Section 10(b) and Rule 10b-5, a plaintiff must adequately allege, *inter alia*, reasonable or justifiable reliance. See S.E.C. v. Morgan Keengan & Co., Inc., 678 F.3d 1233, 1244 (11th Cir. 2012) (noting that in a private enforcement action under Section 10(b) or Rule 10b-5, a plaintiff must show "justifiable reliance" on the material misstatement or omission); Ledford v. Peeples, 657 F.3d 1222, 1248 n.80 (11th Cir. 2011) ("In the Rule 10b-5(b) context, we have used the words 'justifiably relied' as the equivalent of 'reasonably relied.'"). In the motion to dismiss, the defendants stated the Third Amended Complaint failed to meet the requirements for pleading reasonable reliance, and then presented specific arguments regarding alleged misrepresentations related to the film's revenue. (Doc. #96, pp.

15-17.)   The Court rejected the argument, finding the Third
Amended Complaint's allegations that plaintiff relied upon the
misrepresentations when entering into the agreement were
sufficient to allege reasonable reliance.   (Doc. #111, p. 17; Doc.
#93, pp. 5, 26.)   In doing so, the Court noted the following:

> While the defendants challenge whether plaintiff could
> have reasonably relied on the alleged misrepresentations
> related to revenues, plaintiff has also alleged eight
> additional misrepresentations it relied upon when
> entering into the agreement. (Doc. #93, pp. 5-24.)
> Because the defendants have not argued plaintiff did not
> reasonably rely upon these other misrepresentations, and
> because the Third Amended Complaint adequately pleads
> such reliance, dismissal is inappropriate.

(Doc. #111, pp. 17-18.)

In seeking reconsideration, the defendants argue the Court
erred in determining the reliance argument related only to specific
alleged misrepresentations and not all the alleged
misrepresentations.   (Doc. #116, p. 18.)   The defendants suggest
the Court "recognized that the reasonable reliance requirement was
problematic regarding the [Third Amended Complaint's] allegations
regarding revenue," but "inexplicably . . . upheld the remaining
eight allegations."   (Id.)   The defendants then argue that
plaintiff did not act with due diligence in investigating the truth
of the alleged misrepresentations, and that each of the alleged
misrepresentations "was easily verifiable—particularly for a
sophisticated investor."   (Id. at 18.)   Accordingly, the
defendants suggest "any claim of reliance on representations made

between one and four months [before the agreement was entered into] is inherently unreasonable and unjustified." (<u>Id.</u> p. 19.)

The Court finds the defendants argument does not merit reconsideration of the prior Order and Opinion's conclusion regarding reliance. Even assuming the Court erred in interpreting the defendants' argument as applying only to the two alleged misrepresentations cited in the motion to dismiss, the defendants still have not demonstrated the Third Amended Complaint fails to adequately allege reasonable reliance for any of the alleged misrepresentations. The Third Amended Complaint lists the alleged misrepresentations, states plaintiff "was ignorant of their falsity and believed them to be true," and notes several times that plaintiff relied on those misrepresentations when entering into the agreement. (Doc. #93, pp. 5-25, 26, 35.) The Court finds this sufficient to allege reasonable reliance. <u>See</u> <u>Dekle v. Glob. Dig. Sols., Inc.</u>, 131 F. Supp. 3d 1280, 1288 (S.D. Ala. 2015) ("The Second Amended Complaint identifies the alleged misrepresentations made by defendants, indicates that 'Plaintiffs did not realize the fraudulent nature or falsity of these representations,' and alleges that '[t]he misrepresentations caused the Plaintiffs to accept stock rather than cash as partial payment of the purchase price.' Such allegations are facially adequate to plead reliance." (citation omitted)).

While the defendants argue the Third Amended Complaint fails to allege "reasonable" reliance because due diligence would have verified the falsity of the alleged misrepresentations (Doc. #116, pp. 18-19), the Court finds such an argument beyond the scope of the pleadings. The Eleventh Circuit has listed eight factors to consider in determining whether reliance was justified, including the sophistication of the plaintiff, and noted that all of the factors "must be considered and balanced in determining whether reliance was justified." Bruschi v. Brown, 876 F.2d 1526, 1529 (11th Cir. 1989) (citation omitted). The Court finds that the determination of whether a party exercised due diligence and the reasonableness of their reliance are factual inquires more appropriate at a later stage of proceedings. See Prager v. FMS Bonds, Inc., 2010 WL 2950065, *5 (S.D. Fla. July 26, 2010) ("Taking the allegations in Prager's Amended Complaint as true, the questions of whether Prager exercised due diligence and reasonably relied upon the alleged misrepresentations raise factual questions which cannot be resolved as a matter of law on a motion to dismiss."); Carran v. Morgan, 510 F. Supp. 2d 1053, 1059 (S.D. Fla. 2007) ("With respect to the element of justifiable reliance, the Court finds that the Amended Complaint properly pleads that Carran relied on Morgan's investment advice. As to the question of whether this reliance was justifiable, the Court concludes that such a determination requires a factual inquiry to be determined

at a later stage in this litigation." (citation omitted)).
Accordingly, the Court finds reconsideration on this issue is
unwarranted.[2]

**5. Rule 9(b)**

Finally, the defendants argue "the Court gave an incomplete
analysis as to whom the [Third Amended Complaint] attributes
misrepresentations." (Doc. #116, pp. 13-14.) As noted, the Third
Amended Complaint contains a list of misrepresentations each
defendant, including defendant 3 Amigos, allegedly made to
plaintiff. (Doc. #93, pp. 5-25.) In the motion to dismiss, the
defendants argued any statement attributable to defendant 3 Amigos
could have been made by Pittman, in which case the other defendants
would not be liable. (Doc. #96, p. 12.) The Court rejected this
argument because when the Third Amended Complaint attributes a

---

[2] To the extent the defendants argue plaintiff could not
reasonably rely on any oral representations which differed from
the terms of the film agreement (Doc. #116, pp. 18-19), the Court
is not convinced at this time. The Eleventh Circuit has stated
such a fact is not dispositive in a Section 10(b) claim, but rather
only a factor to consider in determining the reasonableness of
reliance. <u>Bruschi</u>, 876 F.2d at 1530 ("The fact that *some*
information in the disclosure documents would have indicated that
some of Brown's alleged oral misrepresentations were unreliable is
a factor to consider, but this factor alone is not dispositive;
all of the relevant factors must be balanced."); <u>see also</u> <u>Hemenway</u>
<u>v. Bartoletta</u>, 2012 WL 1252691, *6 (M.D. Fla. Apr. 12, 2012) ("[I]n
accordance with <u>Bruschi</u>, Defendants cannot rely on the proffered
documents, such as the Subscription Agreements and the Limited
Partnership Agreements, to dismiss the Hemenways' § 10(b) and Rule
10b-5 claim on the basis that the documents directly contradict
Defendants' preceding oral statements.").

representation to defendant 3 Amigos, it does so "by and through" one of the other named defendants. (Doc. #111, p. 9; Doc. #93, pp. 7, 9, 12, 13, 15, 17, 20, 22, 23, 25.)

While "conced[ing] the Court's point," the defendants note that other allegations in the Third Amended Complaint do not have the "by and through" language. (Doc. #116, p. 14.) For example, the Third Amended Complaint's Section 10(b) claim makes allegations regarding the "Defendants" as well as "3 Amigos, Zaroui, BlackburnSteele and Crawford." (Doc. #93, pp. 33-36.) The defendants argue that because these allegations could implicate Pittman, the Section 10(b) claim should be dismissed. (Doc. #116, p. 14.)

The Court disagrees with the defendants' argument. The Third Amended Complaint makes numerous references to Pittman and includes various allegations related to him. (Doc. #93, pp. 2, 14-16, 30, 40, 42.) In contrast, the allegations the defendants are challenging refer to either the "Defendants" or some combination of "3 Amigos, Zaroui, BlackburnSteele and Crawford." (Doc. #93, pp. 33-36.) Combined with the previous allegations against defendant 3 Amigos "by and through" one of the other named defendants, the Court finds the reasonable inference from the allegations is that they apply to the named defendants and not Pittman. See In re Faro Technologies Sec. Litig., 534 F. Supp. 2d 1248, 1255 (M.D. Fla. 2007) (noting that on a motion to dismiss,

the Court accepts as true all well-pleaded allegations "and construes all reasonable inferences therein in the light most favorable to the plaintiff").[3]

As the defendants have not demonstrated the Court committed clear error or misconstrued the defendants' prior arguments in the previous Order and Opinion, the Court finds reconsideration is unwarranted. Accordingly, the defendants renewed request that the Court dismiss the Third Amended Complaint's Section 10(b) claim is denied.

### III.

Having determined reconsideration of the prior Order and Opinion is unwarranted, the Court turns to the alternative request for certification for interlocutory appeal.

---

[3] To the extent the defendants argue the Third Amended Complaint should be dismissed pursuant to the Supreme Court's opinion in Janus (Doc. #116, p. 13), the Court disagrees. In Janus, the Supreme Court held that, for purposes of Rule 10b-5, "the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it." 564 U.S. at 142. The Court further held that a defendant must have "made" the statement to be liable for a violation of Rule 10b-5. Id. at 141. As noted, the Third Amended Complaint contains a list of the alleged misstatements made to plaintiff and attributes each to the defendants, including defendant 3 Amigos "by and through" the other defendants. (Doc. #93, pp. 5-25.) The Third Amended Complaint then states the defendants "knowingly made the aforementioned false representations" in an attempt to mislead investors. (Id. p. 26.) The Court finds this sufficient under Janus to allege who "made" the alleged misrepresentations.

## A. Legal Standard for Certification

As a general principle, interlocutory orders are not immediately appealable. See CSX Transp., Inc. v. Kissimmee Util. Auth., 153 F.3d 1283, 1285 (11th Cir. 1998). However, 28 U.S.C. § 1292 provides an exception to the general rule. Under Section 1292(b), a district court may certify an interlocutory order for immediate appellate review if the court makes three findings: (1) the interlocutory order "involves a controlling question of law"; (2) over which there is a "substantial ground for difference of opinion"; and (3) the immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## B. Arguments for Certification

The defendants argue that the requirements for certification are met with respect to the following issues: (1) whether the Court employed the proper PSLRA pleading standard regarding scienter; (2) whether the Third Amended Complaint adequately pleads scienter as to each of the defendants; (3) whether the Third Amended Complaint meets the pleading requirements of Rule 9(b), Rule 8(a), and plausibility; (4) whether the Third Amended Complaint adequately pleads plaintiff's justifiable reliance; and (5) whether the Third Amended Complaint adequately pleads proximate causation of losses. (Doc. #116, pp. 19-20.)

Having reviewed the defendants' argument, the Court finds certification is inappropriate because there is not a "substantial

ground for difference of opinion" on the above issues.  Regarding the defendants' first argument, the prior Order and Opinion described the heightened pleading standard under the PSLRA, and the Court applied that standard to the scienter allegations in the Third Amended Complaint.  Similarly, the Court applied the proper pleading standards under Rules 8 and 9 of the Federal Rules of Civil Procedure, as well as the Supreme Court's plausibility standard, and determined the Section 10(b) claim was sufficiently pled to survive dismissal.  While the defendants may disagree with the Court's conclusion, such disagreement does not amount to a "substantial ground for difference of opinion."  See Reyes v. BCA Fin. Servs., Inc., 2018 WL 2849768, *3 (S.D. Fla. June 8, 2018) (noting "the mere claim that the district court's ruling is incorrect does not support a finding that there is substantial ground for difference of opinion" (citation omitted)).  Therefore, the Court declines the defendants' request to certify the prior Order and Opinion for interlocutory appeal.

Accordingly, it is hereby

**ORDERED:**

Defendants' Motion for Reconsideration (Doc. #116) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___23rd___ day of September, 2019.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record