UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SKYPOINT ADVISORS, LLC.,

    Plaintiff,

v.                             Case No: 2:18-cv-356-FtM-29MRM

3 AMIGOS PRODUCTIONS LLC.,
BLACKBURNSTEELE LLC., ISSA
ZAROUI, and MARK C CRAWFORD,

    Defendants.

## ORDER AND OPINION

This matter comes before the Court on the defendants' Motion to Join Denis Dreni as Counter-Defendant (Doc. #123) filed on August 29, 2019. Plaintiff filed a Response in Opposition (Doc. #126) on September 12, 2019. For the reasons that follow, the motion is granted.

**I.**

According to the Third Amended Complaint, plaintiff Skypoint Advisors, LLC is a Florida limited liability company by and through its members, which include Dreni. (Doc. #93, p. 1.) Plaintiff has filed suit against Defendant 3 Amigos Productions, LLC, a Nevada limited liability company with three managing members: (1) defendant BlackburnSteele, LLC, whose sole managing member is defendant Mark Crawford; (2) defendant Issa Zaroui; and (3) non-party Chad Pittman. (Id. pp. 1-2.) Plaintiff alleges the

defendants made misrepresentations to induce plaintiff to invest in a film project. (Id. pp. 4-26.) The Third Amended Complaint alleges the following six claims: (1) violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder; (2) violation of Florida's Securities and Investor Protection Act, § 517.011 et. seq., Fla. Stat.; (3) common law fraud; (4) violation of Florida's Deceptive and Unfair Trade Practices Act, § 501.201 et. seq., Fla. Stat.; (5) breach of contract; and (6) breach of fiduciary duty. (Id. pp. 32-47.) The first four claims are alleged against all the defendants, while the fifth and sixth claims are alleged only against defendant 3 Amigos. (Id.)

The defendants have filed an Answer in which the allegations of the Third Amended Complaint are generally denied. (Doc. #122, pp. 1-13.) The defendants also raise seven affirmative defenses and assert counterclaims against both plaintiff and Dreni. (Id. pp. 13-30.) The three counterclaims are for (1) defamation, (2) violation of the Stored Communications Act, 18 U.S.C. §§ 2701-2713, and (3) tortious interference. (Id. pp. 26-29.) Each claim is asserted against plaintiff and Dreni jointly and severally. (Id.)

**II.**

The addition of a person as a party to a counterclaim is governed by Rules 19 and 20 of the Federal Rules of Civil

Procedure. Fed. R. Civ. P. 13(h). Rule 19 addresses the joinder of required parties while Rule 20 provides for the permissive joinder of parties. It is under Rule 20 that the defendants seek to join Dreni. (Doc. #123, pp. 2-3.)

Rule 20 provides that persons may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). The defendants argue both of these requirements are met because (1) all the causes of action in the counterclaim are asserted against both Dreni and plaintiff, jointly and severally, (2) all the causes of action are identical for plaintiff and Dreni, who acted both independently and on plaintiff's behalf, and (3) there are questions of law and fact common to both Dreni and plaintiff because Dreni is "indisputably behind all of [plaintiff's] alleged tortious acts against the Defendants." (Doc. #123, pp. 2-3.) The defendants also assert that failure to join Dreni as a counter-defendant "will result in the type of duplicative litigation that Rule 20 was intended to prevent." (Id. p. 3.)

Per the Eleventh Circuit, in making a joinder decision a district court is "guided by the underlying purpose of joinder,

which is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002) (marks and citation omitted); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966) ("Under the Rules [of Civil Procedure], the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). Having reviewed the allegations in the counter-complaint, the Court finds joinder is appropriate. The three counterclaims are alleged against both plaintiff and Dreni jointly and severally, arise out of the same occurrences, and have common questions of law and fact. Accordingly, despite plaintiff's argument to the contrary, the Court finds joinder under Rule 20 is appropriate. See Supplement Ctr., LLC v. Evol Nutrition Assocs., Inc., 389 F. Supp. 3d 1281, 1289-90 (N.D. Ga. 2019) (finding joinder of plaintiff company's managing member was appropriate where defendant asserted member was jointly and severally liable for company's conduct due to his participation in alleged false advertising).

Plaintiff requests that should the Court find joinder of Dreni warranted under Rule 20, "protective measures should be taken to prevent possible prejudice or unfairness." (Doc. #126, p. 4.) Rule 20(b) provides for such measures in the following provision:

> (b) Protective Measures. The Court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party.

Fed. R. Civ. P. 20(b). Plaintiff states severing the counterclaims from plaintiff's claims is warranted "to prevent prejudice and unfairness." (Doc. #126, p. 4.) Plaintiff also notes that the counterclaims "have no bearing on the merits of Plaintiff's claims and should not be tried therewith." (Id. p. 5.) The Court is unconvinced and finds severing the claims would be inefficient and a waste of judicial resources contrary to the purpose of Rule 20. See Gibbs, 383 U.S. at 724; Swan, 293 F.3d at 1253.

Accordingly, it is hereby

**ORDERED:**

Defendants' Motion to Join Denis Dreni as Counter-Defendant (Doc. #123) is **GRANTED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___9th___ day of October, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record