```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

SKYPOINT ADVISORS, LLC.,

    Plaintiff/Counter
    Defendant,

v.                                             Case No: 2:18-cv-356-FtM-29MRM

3 AMIGOS PRODUCTIONS LLC.,
BLACKBURNSTEELE LLC., ISSA
ZAROUI, and MARK C CRAWFORD,

    Defendants/
    Counterclaimants.

_____

3 AMIGOS PRODUCTIONS LLC.,
BLACKBURNSTEELE LLC., ISSA
ZAROUI, and MARK C CRAWFORD,

    Third-Party
    Plaintiffs,

v.

DENIS DRENI,

    Third-Party
    Defendant.

_____

## ORDER AND OPINION

This matter comes before the Court on plaintiff's Motion to Dismiss Counterclaims (Doc. #136) filed on October 21, 2019. The defendants filed an Opposition (Doc. #137) on November 4, 2019. With the permission of the Court (Doc. #147), a Reply (Doc. # 146) and a Sur-Reply (Doc. #149) were filed. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Plaintiff Skypoint Advisors, LLC (Skypoint) is a Florida limited liability company whose members include third-party defendant Denis Dreni (Dreni). (Doc. #93, p. 1.) Skypoint's Third Amended Complaint (Doc. #93) against 3 Amigos Productions, LLC, BlackburnSteele, LLC, Issa Zaroui, and Mark Crawford,[1] alleges the defendants made misrepresentations to induce Skypoint to invest in a film project. (Id. pp. 2, 4-26.) The Third Amended Complaint asserts six claims, including a claim that defendants violated Section 10(b) of the Securities Exchange Act. (Id. pp. 32-47.)

In August 2019, the four defendants filed their Counterclaims (Doc. #122) against Skypoint and Dreni. The Counterclaims asserted claims of defamation, violation of the Stored Communications Act, 18 U.S.C. § 2707, and tortious interference with a contract against Skypoint and Dreni jointly and severally. (Doc. #122, pp. 26-29.) Skypoint seeks to have the three counterclaims dismissed for failure to state a claim or lack of subject matter jurisdiction.

---

[1] Per the Third Amended Complaint, BlackburnSteele and Zaroui are managing members of 3 Amigos, and Crawford is the managing member of BlackburnSteele. (Doc. #93, p. 2.)

**II.**

**A. Failure to State a Cause of Action**

Skypoint argues the second and third counterclaims fail to state a cause of action and therefore should be dismissed. (Doc. #136, p. 2.) The Court agrees in part.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations

omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible. Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**(1) Count Two: Violation of Stored Communications Act**

Count Two alleges Skypoint and Dreni violated the Stored Communications Act, 18 U.S.C. § 2707, when Dreni, or someone acting on his behalf, accessed defendant Zaroui's email account in order to view its contents and copy materials therein. (Doc. #122, p. 28.) Count Two asserts that the copied materials included "a copy of Zaroui's U.S. passport as well as business-related information such as names and contact information of business contacts." (Id.)

Skypoint argues this count should be dismissed because (1) defendants fail to sufficiently allege that Skypoint and Dreni intentionally accessed the email account without authorization, and (2) the count is premised upon false factual allegations. (Doc. #136, pp. 10-13.) In its Reply, Skypoint also suggests the

count should be dismissed as to 3 Amigos, Crawford, and BlackburnSteele because they had no privacy interest in Zaroui's personal email account. (Doc. #146, p. 6.)

The Stored Communications Act (SCA) is violated when anyone "intentionally accesses without authorization a facility through which an electronic communication service is provided; ... and thereby obtains ... access to a wire or electronic communication while it is in electronic storage in such system."  18 U.S.C. § 2701(a).  A civil action is available for such a violation.  With an exception not applicable to this case, "any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity ... which engaged in that violation such relief as may be appropriate."  18 U.S.C. § 2707(a).  Appropriate relief may include equitable or declaratory relief, damages, and reasonable attorney fees and litigation costs.  18 U.S.C. § 2707(b).

An action for violation of the Stored Communications Act may only be brought by a provider of electronic communication service, a subscriber, or a person who is "aggrieved" by the alleged misconduct of the defendant(s).  There is no allegation that any of the four defendants were a provider of electronic communication

service or a subscriber.  Additionally, there is no allegation that 3 Amigos, Crawford, or BlackburnSteele had their own emails accessed, or that they had any privacy interest in Zaroui's personal email account.  Because there is no plausible basis to find any of these three to have been aggrieved, Count Two of the Counterclaim is dismissed as to them.

To state a claim under the Stored Communications Act, an aggrieved party must sufficiently allege two elements: (1) the defendant intentionally accessed without authorization a facility through which an electronic communication service is provided or intentionally exceeded an authorization to access that facility, and (2) the defendant obtained, altered, or prevented authorized access to a wire or electronic communication while it was in electronic storage in such system.  <u>Stirling Int'l Realty, Inc. v. Soderstrom</u>, 2015 WL 2354803, *4 (M.D. Fla. May 15, 2015) (citing <u>Snow v. DirecTV, Inc.</u>, 450 F.3d 1314, 1321 (11th Cir. 2006)); <u>see also</u> <u>Vista Mktg., LLC v. Burkett</u>, 812 F.3d 954, 964 (11th Cir. 2016) (holding that unauthorized accessing of emails stored by an online host violates the Stored Communications Act).

Skypoint argues that the defendants have failed to sufficiently allege the intentional access element.  (Doc. #136, pp. 10-11.)  The Court disagrees, and finds that there are sufficiently plausible allegations of intentional access.

Defendants allege that Dreni's and Skypoint's access to Zaroui's email account was done willfully and intentionally to harm the defendants, and to use the information therein against them. (Doc. #122, pp. 28-29.) To support this allegation, defendants have provided screenshots of text messages allegedly sent by Dreni to Crawford which (1) reference various individuals, including one named "Vitali," and (2) contain a photograph of Zaroui's passport. (Doc. #122, pp. 22-23.) The defendants allege that Dreni accessed Zaroui's email account and obtained business contact information (such as Vitali's) and documents (such as the passport). (Id.) The Court thus finds the defendants allegation of intentional access is not a "naked assertion" devoid of "further factual enhancement." Iqbal, 556 U.S. at 678. Construing the allegations and drawing all reasonable inferences in the light most favorable to the non-moving party, the Court finds the defendants allege sufficient facts to satisfy the first element under the Stored Communications Act.

Skypoint next argues the second counterclaim should be dismissed because it is refuted by a declaration Dreni has provided, which is attached to Skypoint's motion. (Doc. #136, pp. 11-13.) In the declaration, Dreni states that after this action was initiated, he received an email from non-party Lul Vulashi expressing interest in joining the lawsuit. (Id. p. 20.) According to Dreni, attached to the email was an image of Zaroui's

passport, and Dreni attests that this is how he received the document. (Id. p. 21.) Dreni states that neither he nor Skypoint accessed, attempted to access, or directed anyone to access Zaroui's email account. (Id.) Attached to the declaration is a copy of the email, as well as the passport attachment. (Id. pp. 23-24.)

Skypoint argues that Dreni's declaration "makes it clear that no violation of the [Stored Communications Act] took place" and, therefore, the claim should be dismissed. (Id. p. 13.) While Skypoint acknowledges that the court typically considers only the complaint and the attached exhibits when deciding a motion to dismiss, Skypoint argues that the Court may consider Dreni's declaration pursuant to Horsley v. Feldt, 304 F.3d 1125 (11th Cir. 2002). In Horsley, the Eleventh Circuit held a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is "(1) central to the plaintiff's claim" and "(2) undisputed." Id. at 1134. "Undisputed" in this context "means that the authenticity of the document is not challenged." Id. Skypoint argues that Zaroui's passport is central to the Stored Communications Act claim, and the authenticity of the email attached to Dreni's declaration with the passport image "cannot in good faith be disputed under Horsley." (Doc. #136, p. 11 n.1.)

Despite Skypoint's argument to the contrary, defendants do in fact dispute the truthfulness and authenticity of Dreni's declaration and its attachments. (Doc. #137, p. 7.) For example, Zaroui states via declaration that he supplied a copy of his passport to Valushi on February 7, 2019, but the supposed email from Valushi to Dreni containing the passport image is dated two days earlier, on February 5th. (Doc. #137-1, p. 15.) The defendants also question why Valushi would be communicating with Dreni in the first place, and suggest Valushi's email address is the kind of information Dreni would have obtained by accessing Zaroui's email account.[2] (Doc. #137, p. 7.) Since Dreni's declaration and its attachments are being challenged by the defendants, Horsley does not apply, and the Court will not consider them at the motion to dismiss stage. Accordingly, the Court rejects this portion of Skypoint's argument that the Stored Communications Act claim should be dismissed for failure to state a claim.

**(2) Count Three: Tortious Interference with a Contract**

The third counterclaim alleges Skypoint and Dreni tortuously interfered with a contract between 3 Amigos and non-party Mental Media. (Doc. #122, p. 29.) The claim alleges that pursuant to a

---

[2] In his declaration, Zaroui states that Valushi was a business associate unrelated to 3 Amigos or the film. (Doc. #137-1, p. 15.) He also states that he believes Dreni contacted Valushi only after accessing Zaroui's email account. (Id.)

"Film Financing Agreement," 3 Amigos intended to complete post-production of the film by May 2018 at the latest. (Doc. #122, p. 25.) According to the claim, in an effort to meet the May 2018 deadline 3 Amigos contracted with Mental Media to have a final version of the film by the end of February 2018. (Id.) William Kaufman is alleged to have been the contact person between Mental Media and 3 Amigos, supervising all the services provided under the Mental Media-3 Amigos contract. (Id.) In or around February 2018, Dreni is alleged to have convinced Kaufman that Dreni had secured funding for another Kaufman film, causing Kaufman to cease working on the 3 Amigos film for a period of time in or around March 2018 and travel to Bulgaria. (Id. pp. 25-26.) Dreni's statements, which defendants allege were false, resulted in the post-production not being completed by Kaufman until July 2018, and ultimately resulted in a delayed release of the film. (Id. pp. 25-26, 29.)

As an initial matter, Skypoint argues the tortious interference claim should be dismissed as to Zaroui, Crawford, and BlackburnSteele because they were not parties to the contract with Mental Media. (Doc. #136, pp. 14-15.) The defendants fail to address this argument in their Opposition.

Under Florida law a claim for tortious interference with a contract requires a contract "that affords plaintiff legal rights." Davies v. Afilias Ltd., 293 F. Supp. 2d 1265, 1269 (M.D.

- 10 -

Fla. 2003) (citations omitted).  The defendants state that the contract at issue was between 3 Amigos and Mental Media (Doc. #122, p. 25, 29), and there is no allegation that the other defendants had any legal rights under the contract.  There is nothing in the Counterclaim which asserts any basis for these three to have standing to state a tortious interference claim.  Accordingly, the Court will grant Skypoint's motion to the extent the tortious interference claim brought by Zaroui, Crawford, and/or BlackburnSteele is dismissed without prejudice.

Skypoint next argues the third counterclaim should be dismissed for failing to state a cause of action.  (Doc. #136, p. 14.)  In Florida, the elements for a claim for tortious interference with a contract are (1) a contract that affords plaintiff legal rights, (2) defendant's knowledge of the contract, (3) defendant's intentional, unjustified procurement of a breach of the contract, and (4) damages to plaintiff resulting from the breach.  <u>Davies</u>, 293 F. Supp. 2d at 1269.  Skypoint asserts that the defendants fail to allege (1) a breach of the contract and (2) who committed the breach.  (Doc. #136, p. 15.)  The defendants respond that there are sufficient factual allegations to allow the Court to infer Mental Media breached the contract.  (Doc. #137, pp. 8-9.)  The Court agrees with the defendants.

Reading the allegations in the light most favorable to the non-moving parties, the counterclaim defendants allege (1) 3

Amigos contracted with Mental Media to complete the film by the end of February 2018, (2) Kaufman was the contact person for the contract and supervised all the services provided under the contract, (3) Dreni convinced Kaufman to cease working on the film in or around February 2018, and (4) Kaufman did not deliver the film until July 2018. While Skypoint is correct that the defendants fail to specifically allege Mental Media breached the contract, the Court finds the above allegations sufficient to infer such a breach. See Intellicig USA LLC v. CN Creative Ltd., 2016 WL 5402242, *3 (N.D. Ga. July 13, 2016) (noting that "in a hyper-technical sense," the complaint failed to allege the specific contractual provisions that had been breached, but nonetheless finding that "when the allegations are construed in conjunction with the written terms of the [contract], the pleadings in this case are sufficient to suggest that Creative is in breach of the parties' written contract").

Alternatively, Skypoint argues that even if the Court infers an allegation of breach of contract by Mental Media, the claim should be dismissed because it is factually refuted by a declaration provided by Kaufman. (Doc. #136, pp. 15-18.) In the declaration, which is attached to Skypoint's motion, Kaufman states that he was the director for the film and not the contact person between 3 Amigos and Mental Media. (Doc. #136, p. 32.) Kaufman further states that (1) he was not an agent for, or

employed by, 3 Amigos or Mental Media on the film's post-production, (2) a different individual was the contact person between 3 Amigos and Mental Media, (3) his contractual obligations ended in September 2017, and (4) his trip to Bulgaria had no bearing on the delivery of the film and had no effect on its release. (Id. pp. 32-33.) Skypoint argues that because Kaufman was not a party to or had any obligations under the Mental Media-3 Amigos contract, any allegation of conduct by Dreni and Skypoint with regards to Kaufman cannot form the basis of the tortious interference claim. (Id. p. 17.)

In response, the defendants assert Skypoint's argument fails because (1) the Court should not consider Kaufman's declaration, (2) the contents of the declaration "are only, at best, partially true," and (3) Kaufman's formal status in Mental Media or 3 Amigos does not affect the claim as a matter of law. (Doc. #137, pp. 9-10.) The Court finds it unnecessary to address each of these arguments because it is clear that the contents of Kaufman's declaration are not "undisputed" as that term is used in Horsley.[3] As Kaufman's declaration is challenged by the defendants, the Court will not consider it for purposes of Skypoint's motion to dismiss.

---

[3] The defendants have provided a declaration by Crawford that contradicts some of Kaufman's statements. (Doc. #137-2, pp. 18-23.) For example, Crawford states Kaufman was not only involved in the film's post-production, but was "central" to it. (Id. pp. 18-21.)

To the extent Skypoint suggests the Court should grant summary judgment on the tortious interference claim based on the declaration, the Court finds there is a genuine dispute of material fact precluding such an outcome. See Fed. R. Civ. P. 56(a). This portion of the motion to dismiss is denied.

**B. Subject Matter Jurisdiction**

Skypoint argues the defamation and tortious interference claims should be dismissed for lack of subject matter jurisdiction. (Id. p. 5.) Anticipating defendants arguments, Skypoint asserts the Court does not have supplemental jurisdiction over either claim because (1) the Stored Communications Act claim should be dismissed for failure to state a claim, and (2) the two claims do not arise from a common nucleus of facts as Skypoint's Section 10(b) claim in the Third Amended Complaint. (Doc. #136, pp. 7-9.)

Defendants assert the Court has jurisdiction over the Stored Communications Act claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the remaining two claims pursuant to 28 U.S.C. § 1367. (Doc. #122, p. 15.) Alternatively, the defendants assert the Court has jurisdiction over the two state law claims because they arise out of the same transactions and events that give rise to Skypoint's claims in the Third Amended Complaint. (Id.) Having reviewed the allegations and arguments, the Court finds it has jurisdiction over all three of the claims.

As stated above, the Court finds the defendants sufficiently state a cause of action under the Stored Communications Act, and therefore the Court has jurisdiction over that claim pursuant to 28 U.S.C. § 1331. Section 1367 of Title 28 provides that subject to inapplicable exceptions, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The "case or controversy" standard confers supplemental jurisdiction over all state claims "which arise out of a common nucleus of operative fact" with a substantial federal claim. Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir. 2006) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)). Therefore, the issue is whether the defamation and tortious interference claims arise out of a common nucleus of operative fact as the Stored Communications Act claim.[4]

---

[4] Because Skypoint argues the Stored Communication Act claim should be dismissed for failure to state a claim, it does not address whether the three counterclaims arise from a common nucleus of operative fact. The Court will nonetheless examine this issue because "a district court's first duty is to determine whether it enjoys subject-matter jurisdiction, because that implicates the court's very power to hear the case." Scelta v. Delicatessen Support Servs., Inc., 57 F. Supp. 2d 1327, 1343 (M.D. Fla. 1999) (marks and citation omitted).

The Court finds all three of the counterclaims arise out of the circumstances surrounding the production of the film. According to the Third Amended Complaint, Skypoint (via its member Dreni) entered into an agreement with 3 Amigos to partially finance the film and then subsequently demanded a return of its investment. Defendants assert that when the investment was not returned, Dreni began trying to disrupt the film's production and release. (Doc. #122, pp. 21-22.) As part of this campaign, Dreni is alleged to have (1) accessed Zaroui's email account and obtained business contacts and documents, (2) sent messages to various individuals disparaging the defendants, and (3) interfered with a 3 Amigos contract to disrupt post-production and delay the film's release. (Id. pp. 26-29.) As the three counterclaims arise out of a common nucleus of operative fact, the Court finds it has supplemental jurisdiction over the defamation and tortious interference claims pursuant to 28 U.S.C. § 1367(a). Therefore, the Court denies Skypoint's motion to the extent it seeks dismissal of those claims for lack of subject-matter jurisdiction.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Dismiss Counterclaims (Doc. #136) is **GRANTED in part and DENIED in part.**

1. Count Two of the Counterclaims is dismissed without prejudice as to defendants 3 Amigos, Crawford, and

BlackburnSteele, and Count Three of the Counterclaims is dismissed without prejudice as to defendants Zaroui, Crawford, and BlackburnSteele. Defendants shall have **FOURTEEN (14) DAYS** from the date of this Opinion and Order to file amended counterclaims.

2. The Motion to Dismiss is otherwise **denied**.

**DONE and ORDERED** at Fort Myers, Florida, this ___7th___ day of January, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record