UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SKYPOINT ADVISORS, LLC.,

    Plaintiff/Counter
    Defendant,

v.                                         Case No: 2:18-cv-356-FtM-29MRM

3 AMIGOS PRODUCTIONS LLC.,
BLACKBURNSTEELE LLC., ISSA
ZAROUI, and MARK C CRAWFORD,

    Defendants/
    Counterclaimants.

---

3 AMIGOS PRODUCTIONS LLC.,
BLACKBURNSTEELE LLC., ISSA
ZAROUI, and MARK C CRAWFORD,

    Third-Party
    Plaintiffs,

v.

DENIS DRENI,

    Third-Party
    Defendant.

---

**ORDER AND OPINION**

This matter comes before the Court on plaintiff's Motion for Sanctions Under Rule 11 (Doc. #135) filed on October 21, 2019. Defendants have not filed a response and the time to do so has passed. For the reasons that follow, the motion is denied.

**I.**

Plaintiff Skypoint Advisors, LLC (Skypoint) is a Florida

limited liability company whose members include third-party defendant Denis Dreni (Dreni). (Doc. #93, p. 1.) Skypoint's Third Amended Complaint (Doc. #93) against 3 Amigos Productions, LLC, BlackburnSteele, LLC, Issa Zaroui, and Mark Crawford,[1] alleges defendants made misrepresentations to induce Skypoint to invest in a film project. (Id. pp. 2, 4-26.)

In August 2019, defendants filed their Counterclaims (Doc. #122) against Skypoint and Dreni. The Counterclaims asserted claims of defamation, violation of the Stored Communications Act, 18 U.S.C. § 2707, and tortious interference with a contract against Skypoint and Dreni jointly and severally. (Doc. #122, pp. 26-29.)

On October 21, 2019, Skypoint filed two motions, the first being the Motion for Sanctions currently before the Court. (Doc. #135.) In the motion, Skypoint asserts defendants' Stored Communications Act claim and tortious interference claim are "objectively frivolous, untenable, and without evidentiary support." (Id. pp. 5, 10.) Skypoint argues defendants' counsel should have known the claims were frivolous and therefore the Court must impose sanctions. (Id. pp. 9, 13.) As a basis for this argument, Skypoint provides declarations by Dreni and non-party William Kaufman that challenge the factual basis for the two claims. (Doc. #135, pp. 17, 29.) The second

---

[1] Per the Third Amended Complaint, BlackburnSteele and Zaroui are managing members of 3 Amigos, and Crawford is the managing member of BlackburnSteele. (Doc. #93, p. 2.)

motion was Skypoint's Motion to Dismiss Counterclaims, which argued, *inter alia*, that the Stored Communications Act claim and tortious interference claim should be dismissed for failing to state a cause of action. (Doc. #136, p. 2.) Skypoint based these arguments on the same declarations it attached to the sanctions motion. (Id. pp. 20, 32.)

On November 4, 2019, defendants moved for an extension of time to respond to the sanctions motion. (Doc. #140.) Defendants argued that because the Rule 11 motion was "essentially a repetition of the challenges asserted in the motion to dismiss, with an additional request for sanctions," responding to the motion prior to the Court ruling on the motion to dismiss "would be a waste of time and judicial resources." (Id. p. 2.) The Court granted the motion, requiring defendants to respond to the sanctions motion within fourteen days of the Court ruling on the motion to dismiss. (Doc. #143.)

On January 7, 2020, the Court granted in part and denied in part Skypoint's motion to dismiss. (Doc. #151.) Regarding the failure to state a claim arguments, the Court found that because defendants challenged the truthfulness and authenticity of the declarations and their attachments, the Court would not consider them on a motion to dismiss. (Id. pp. 8-9, 12-14); see also Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (providing that a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is "(1) central to the plaintiff's claim" and

"(2) undisputed"). The Court now turns to Skypoint's motion for sanctions.[2]

**II.**

"Rule 11 sanctions are proper (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996) (citation and marks omitted).

> Rule 11 does not change the liberal notice pleading regime of the federal courts or the requirement of Fed. R. Civ. P. 8, which demands only a "short and plain statement of the claim." The rule does not require that pleadings allege all material facts or the exact articulation of the legal theories upon which the case will be based. The reasonable inquiry standard of Rule 11 does not preclude plaintiffs from establishing the merits of claims through discovery. Nor is Rule 11 intended to chill innovative theories and vigorous advocacy that bring about vital and positive changes in the law.

Donaldson v. Clark, 819 F.2d 1551, 1561 (11th Cir. 1987).

---

[2] As noted, defendants have not filed a response to the motion for sanctions despite being ordered to do so. (Doc. #143.) However, defendants did incorrectly state in the motion for an extension of time that "[s]hould the Court deny the motion to dismiss, the Rule 11 Motion will be moot and no response is warranted." (Doc. #140, p. 1.)

In the motion, Skypoint argues defendants' assertions of a violation of the Store Communication Act and tortious interference are "objectively frivolous" based on the statements made in the declarations. (Doc. #135, pp. 8, 13.) Skypoint further states that upon service of the motion, defendants should have known the claims were untenable and counsel had an obligation to no longer pursue them.[3] (Id. pp. 9, 13.) The Court disagrees. As noted, defendants have disputed the truthfulness of the declarations and the authenticity of the declarations' attachments. (Doc. #137, pp. 7-8, 9-10.) Furthermore, defendants submitted their own declarations which contradict the assertions made in Skypoint's declarations. (Doc. #137-1; Doc. #137-2.) Because there is a factual dispute between the parties as to the events that gave rise to the lawsuit, the Court finds Rule 11 sanctions are inappropriate. See Mitchell v. Int'l Consol. Cos., Inc., 2014 WL 6997609, *5 (S.D. Fla. Dec. 10, 2014) ("Rule 11 sanctions are not appropriate merely because factual disputes regarding allegations in a pleading exist."); Cabrera v. Goodyear Tire & Rubber Co., 2011 WL 535103, *2 (S.D. Fla. Feb. 8, 2011) ("Although the affidavits by Mr. Flores and Mr. Galeano are probative evidence

---

[3] Based on the certificate of service, Skypoint served the sanctions motion on defendants more than twenty-one days prior to filing the motion with the Court (Doc. #135, pp. 14-15), thereby meeting Rule 11's "safe harbor" requirements, see Fed. R. Civ. P. 11(c)(2).

against the plaintiffs' claims, the parties' conflicting accounts of what happened simply demonstrate that there are fact disputes that, if resolved in favor of the plaintiffs, may allow them to prevail. In any event, the defendants have not met their relatively high burden of showing the lawsuit is so baseless in law or fact to justify Rule 11 sanctions.").

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Sanctions Under Rule 11 (Doc. #135) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of February, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record