UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SKYPOINT ADVISORS, LLC.,

    Plaintiff/Counter
    Defendant,

v.                         Case No:  2:18-cv-356-FtM-29MRM

3 AMIGOS PRODUCTIONS LLC.,
BLACKBURNSTEELE LLC., ISSA
ZAROUI, and MARK C CRAWFORD,

    Defendants/
    Counterclaimants.

---

3 AMIGOS PRODUCTIONS LLC.,
BLACKBURNSTEELE LLC., ISSA
ZAROUI, and MARK C CRAWFORD,

    Third-Party
    Plaintiffs,

v.

DENIS DRENI,

    Third-Party
    Defendant.

---

### ORDER AND OPINION

This matter comes before the Court on third-party defendant Denis Dreni's Dispositive Joinder of Motion to Dismiss Counterclaims and Motion to Dismiss Third Party Complaint (Doc. #168) filed on March 13, 2020.  The third-party plaintiffs filed an Opposition (Doc. #169) on March 19, 2020.  At the Court's direction, Dreni filed a Reply (Doc. #172) on April 16, 2020, and

an Amended Reply (Doc. #173) on April 17, 2020.[1]  For the reasons set forth below, the motion is denied.

**I.**

Skypoint Advisors, LLC is a Florida limited liability company whose members include third-party defendant Denis Dreni.  (Doc. #93, p. 1.)  Skypoint's Third Amended Complaint (Doc. #93) against third-party plaintiffs 3 Amigos Productions, LLC, BlackburnSteele, LLC, Issa Zaroui, and Mark Crawford alleges the third-party plaintiffs made misrepresentations to induce Skypoint to invest in a film project.  (Id. pp. 2, 4-26.)  The Third Amended Complaint asserts six claims, including a claim that the defendants violated Section 10(b) of the Securities Exchange Act.  (Id. pp. 32-47.)

In August 2019, the third-party plaintiffs filed their Counterclaims (Doc. #122) against Skypoint and Dreni.  The Counterclaims asserted claims of (1) defamation, (2) violation of the Stored Communications Act ("SCA"), 18 U.S.C. § 2707, and (3) tortious interference with a contract.  (Id. pp. 26-29.)  Each claim was alleged on behalf of all four third-party plaintiffs, and asserted against Skypoint and Dreni, jointly and severally. (Id.)

In October 2019, Skypoint filed a motion seeking to dismiss the three counterclaims for failure to state a claim and/or lack

---

[1] Dreni's Reply was amended only to include an omitted exhibit.  (Doc. #173, p. 1.)

of subject matter jurisdiction. (Doc. #136.) The motion was granted in part, with the SCA claim dismissed without prejudice as to 3 Amigos, Crawford, and BlackburnSteele, and the tortious interference claim dismissed without prejudice as to Zaroui, Crawford, and BlackburnSteele. (Doc. #151.)

On January 21, 2020, the third-party plaintiffs filed their First Amended Answer, Affirmative Defenses and Counterclaim (Doc. #152), asserting the same three counterclaims: (1) defamation, (2) violation of the SCA, and (3) tortious interference with a contract. (Id. pp. 32-35.) All three claims were again alleged against Skypoint and Dreni, jointly and severally. (Id.) However, while the defamation claim was again asserted on behalf of all the third-party plaintiffs, the SCA claim was asserted only on behalf of Zaroui and 3 Amigos, and the tortious interference claim was asserted only on behalf of 3 Amigos. (Id.)

On March 13, 2020, Dreni filed the motion currently before the Court, arguing all three counterclaims should be dismissed for failure to state a claim and/or lack of subject matter jurisdiction. (Doc. #168, p. 3.) On March 19, 2020, the third-party plaintiffs filed an Opposition, noting that the motion's arguments were identical to those raised by Skypoint in its prior motion to dismiss and ruled upon by the Court. (Doc. #169, p. 1.) The third-party plaintiffs suggested the current motion merely "cut and paste" the arguments from Skypoint's previous motion,

characterizing the current motion as "frivolous and vexatious." (Id.)

The Court ordered Dreni to file a reply addressing the third-party plaintiffs' allegations, as well as addressing why sanctions should not be imposed if the Court ultimately agreed the current motion was frivolous. (Doc. #171, p. 2.) On April 17, 2020, Dreni filed his Amended Reply, arguing the "frivolous and vexatious accusations are simply empty, baseless and, [sic] unsubstantiated." (Doc. #173, p. 3.) Dreni acknowledged that some of the arguments in the current motion "may be identical" to those raised in Skypoint's prior motion, but argued his intent in re-raising those arguments was to preserve the issues for himself on appeal, if necessary. (Id.) He also noted that the current motion raises arguments not addressed in Skypoint's motion and which relate solely to himself. (Id. pp. 3-4.)

The motion is now ripe for review. The Court will first address the arguments raised in the motion, and then proceed to the issue of sanctions.

## II.

### A. Subject Matter Jurisdiction

Dreni first argues the defamation and tortious interference counterclaims should be dismissed for lack of subject matter jurisdiction. (Doc. #168, p. 6.) Dreni argues the Court does not have supplemental jurisdiction over either of these claims because

(1) the federal SCA counterclaim should be dismissed for failure to state a cause of action, and (2) the defamation and tortious interference counterclaims do not arise from the same case of controversy as Skypoint's federal Section 10(b) claim. (Id. p. 8.)

These same jurisdictional arguments were previously raised in Skypoint's motion to dismiss. (Doc. #136, pp. 5-9.) The Court considered the arguments but ultimately determined it had jurisdiction over the SCA counterclaim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the defamation and tortious interference counterclaims pursuant to 28 U.S.C. § 1367(a). (Doc. #151, pp. 14-16.) Specifically, the Court found all three counterclaims arose out of a common nucleus of operative fact, i.e., the circumstances surrounding the production of the film. (Id. p. 16.) The Court re-adopts this reasoning and conclusion.[2]

**B. Failure to State a Cause of Action**

Dreni next argues each of the three counterclaims should be dismissed for failing to state a cause of action. (Doc. #168, pp. 9-22.) Under Federal Rule of Civil Procedure 8(a)(2), a Complaint

---

[2] While the Court's previous analysis addressed allegations raised in the third-party plaintiffs' original counterclaims, the allegations in the amended counterclaims are nearly identical. Compare Doc. #122, pp. 14-29 and Doc. #152, pp. 16-35. Accordingly, the Court finds its previous jurisdictional analysis and conclusion is still applicable.

must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555l; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). On the other hand, "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

### (1) Stored Communications Act Counterclaim

In the SCA counterclaim, Zaroui and 3 Amigos allege Dreni, or someone acting on his behalf, accessed Zaroui's email account without authorization. (Doc. #152, p. 34.) The allegations in this counterclaim are identical to those alleged in the original counterclaims.[3] Compare Doc. #122, pp. 28-29 and Doc. #152, pp. 33-34. In his motion, Dreni argues the counterclaim should be dismissed because (1) it fails to sufficiently allege Skypoint and Dreni intentionally accessed Zaroui's email account without authorization, and (2) it is refuted by Dreni's declaration attached to the motion. (Doc. #168, pp. 14-17.) These same arguments, as well as Dreni's declaration, were previously submitted by Skypoint as part of its motion to dismiss. (Doc. #136, pp. 10-13, 20-21.) The Court considered and rejected the

---

[3] As previously noted, the original version of this counterclaim was alleged on behalf of all the third-party plaintiffs, while the amended version is alleged on behalf of only 3 Amigos and Zaroui.

arguments, finding (1) the SCA counterclaim sufficiently pled allegations of intentional access, and (2) the Court would not consider Dreni's declaration at the motion to dismiss stage because the third-party plaintiffs disputed the declaration's truthfulness and authenticity. (Doc. #151, pp. 6-9.) The Court re-adopts this analysis and conclusion.

### (2) Tortious Interference with a Contract Counterclaim

In the tortious interference counterclaim, 3 Amigos alleges Skypoint and Dreni intentionally interfered with a contract between 3 Amigos and non-party Mental Media. (Doc. #152, p. 35.) In Florida, the elements for a claim for tortious interference with a contract are (1) a contract that affords plaintiff legal rights, (2) defendant's knowledge of the contract, (3) defendant's intentional, unjustified procurement of a breach of the contract, and (4) damages to plaintiff resulting from the breach. Davies v. Afilias Ltd., 293 F. Supp. 2d 1265, 1269 (M.D. Fla. 2003) (citations omitted).

In his motion, Dreni first argues Zaroui, Crawford, and BlackburnSteele should be dismissed from this claim because they are not parties to the contract. (Doc. #168, p. 19.) Dreni next argues the counterclaim should also be dismissed as to 3 Amigos because the claim fails to allege a breach of contract and who committed the breach. (Id.) Finally, Dreni argues that to the extent a breach may be inferred by the Court, the claim is refuted

by non-party William Kaufman's attached declaration.  (Id. pp. 19-22, 35-37.)

Regarding the first argument, the tortious interference counterclaim is alleged on behalf of 3 Amigos only (Doc. #152, p. 35), and therefore Dreni's argument relating to Zaroui, Crawford, and BlackburnSteele's legal standing is irrelevant.  As to Dreni's second argument, the counterclaim clearly alleges Mental Media breached the contract.  (Id.)  Finally, regarding Dreni's argument that the claim is refuted by Kaufman's declaration, Skypoint previously raised that argument in its motion to dismiss and the Court denied it.[4]  (Doc. #136, pp. 15-17; Doc. #151, pp. 12-14.)  The Court re-adopts its analysis and conclusion on that issue, and denies Dreni's request to dismiss the tortious interference counterclaim.

### (3) Defamation Counterclaim

In the defamation counterclaim, the third-party plaintiffs allege Skypoint and Dreni sent electronic messages to various non-parties containing false and defamatory content.  (Doc. #152, p. 32.)

---

[4] In fact, all of Dreni's arguments relating to the tortious interference counterclaim were previously raised by Skypoint and addressed by this Court.  (Doc. #136, pp. 14-17; Doc. #151, pp. 10-14.)  However, because the tortious interference counterclaim has since been amended, Dreni's arguments have been rendered factually impossible, an issue that will be addressed further in the sanctions section.

> Defamation under Florida law has these five elements: (1) publication; (2) falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory.

Turner v. Wells, 879 F.3d 1254, 1262 (11th Cir. 2018) (citing Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008)). In his motion, Dreni argues this counterclaim should be dismissed because it (1) fails to allege the elements of publication, falsity, and damages, and (2) fails to allege any required elements to pierce Skypoint's corporate veil. (Doc. #168, pp. 10, 11.) Unlike the arguments previously addressed, these issues were not raised in Skypoint's prior motion.

The Court disagrees with Dreni's first assertion that the counterclaim fails to allege the elements of publication, falsity, and damages. The defamation counterclaim contains the following allegations:

> 67. On February 20, 2018, Dreni described Zaroui as a "con artist" and forwarded the message to non-parties.
>
> 68. On March 1, 2018, Skypoint and Dreni sent text messages to Koloreto Cukalli in which they made false and defamatory statements regarding the Counterclaim Plaintiffs, describing them as deceitful and as being engaged in fraudulent and illegal behavior.
>
> 69. On May 15, 2018Skypoint [sic] and Dreni sent text messages to Koloreto Cukalli in which they made false and defamatory statements regarding the Counterclaim Plaintiffs.

> 70. Skypoint and Dreni sent similar text messages to another third party, Musha Pnishi, towards the end of 2018.
>
> 71. Upon information and belief, Skypoint and Dreni sent additional messages to additional non-parties containing similar false and defamatory content, describing the Counterclaim Plaintiffs as deceitful and as being engaged in fraudulent and illegal behavior, all to be proven during the course of this proceeding.
>
> 72. The statements contained in these text messages and other electronic means constitute libel *per se* because they are false accusations of dishonesty, lack of integrity and untrustworthiness which directly impugns Counterclaim Plaintiffs' professional and personal reputation.
>
> 73. The statements contained in these text messages are false because the Counterclaim Plaintiffs never lied or were deceitful in their dealings with Skypoint and Dreni.
>
> 74. At the time of making the statements, Skypoint and Dreni knew the statements were false or had serious doubts as to their truth.
>
> 75. Skypoint and Dreni's primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm the Counterclaim Plaintiffs.
>
> 76. As a direct and proximate result of the publication of these defamatory statements in the text messages, Counterclaim Plaintiffs have suffered economic losses and damage to reputation. As a result of these defamatory statements, Counterclaim Plaintiffs were embarrassed and humiliated before various business and personal connections and were forced to explain away the false statements and clear their name. Counterclaim Plaintiffs also suffered disruptions in their personal lives and business ventures, both in connection with "The Brave" and in connection with other projects they were working on at that time.

(Doc. #152, pp. 32-33.)  Viewing these allegations in the light most favorable to the third-party plaintiffs, the Court finds the

defamation counterclaim sufficiently alleges the publication, falsity, and damages elements.

Dreni also argues that the defamation counterclaim should be dismissed because the third-party plaintiffs have failed to allege any of the necessary elements to pierce the corporate veil. (Doc. #168, p. 11.) Dreni suggests that because the third-party plaintiffs have not sought to pierce the corporate veil, he cannot be personally liable. (Id. p. 10.) Prior to addressing this argument, however, the Court must first address an issue raised in Dreni's Amended Reply.

In the amended counterclaims, the third-party plaintiffs allege Skypoint is a Florida limited liability company and Dreni is its managing member. (Doc. #152, p. 17.) In his Amended Reply, Dreni claims he is "not now nor has he ever been the named or legal Managing Member" of Skypoint. (Doc. #173, p. 4.) In support, Dreni cites to an attached exhibit, reportedly obtained from the Florida Department of State, Division of Corporations, which lists "SKYPOINT MANAGING TRUST" as the "Title MGR" of Skypoint. (Id. pp. 4, 13.)

However, "on a motion to dismiss this Court's review is limited to the four corners of the complaint." Wiand v. Mason, 2012 WL 1190974, *2 (M.D. Fla. Mar. 1, 2012). While a court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment under certain

conditions, see Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002), Dreni does not argue those conditions are applicable. Furthermore, Dreni did not attach the exhibit to his motion, but is instead raising this issue for the first time in his reply brief. See Allah El v. Avesta Homes, 2012 WL 515912, *3 (M.D. Fla. Feb. 16, 2012) ("District Courts, including this one, ordinarily do not consider arguments raised for the first time on reply." (citation omitted)). Accordingly, the Court will not consider the exhibit or Dreni's assertion at this time.[5]

Turning back to Dreni's argument regarding the failure to allege any of the necessary elements to pierce the corporate veil, the Court finds this argument fails because the counterclaims allege Dreni engaged in tortious behavior towards the third-party plaintiffs. Under Florida law, "officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course

---

[5] As Dreni has failed to meet the requirements of Horsley to allow the Court to consider the exhibit as part of the motion to dismiss, the Court could only consider it as part of a motion for summary judgment. See Christy v. Sheriff of Palm Beach Cty., Fla., 288 Fed. App'x 658, 664 (11th Cir. 2008) ("[O]nce the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment." (citation omitted)). However, even if the Court did so, the exhibit conflicts with other evidence in the record, such as the film financing agreement attached to Skypoint's Third Amended Complaint. (Doc. #93-1, pp. 52-58.) That agreement was between 3 Amigos and Skypoint, and signed by Dreni on behalf of Skypoint. (Id.) In the agreement, Dreni is listed as the "Managing Member" of Skypoint. (Id. p. 58.)

and scope of their employment." White v. Wal-Mart Stores, Inc., 918 So. 2d 357, 358 (Fla. 1st DCA 2005) (citations omitted). The same rule applies to limited liability companies. Cannon v. Fournier, 57 So. 3d 875, 881 (Fla. 2d DCA 2011); see also Candyman Kitchens Inc. v. Sandcrafters LLC, 2018 WL 6434058, *1 (M.D. Fla. Dec. 7, 2018) ("Under Florida law, a member or manager of a limited liability company is personally liable for torts committed within the scope of the employment."). "Liability will attach 'even if no argument is advanced that the corporate form should be disregarded.'" Bradenton Motorsports Park, Inc. v. Long, 2011 WL 13244036, *1 (M.D. Fla. June 21, 2011) (quoting Fla. Speciality, Inc. v. H 2 Ology, Inc., 742 So. 2d 523, 528 (Fla. 1st DCA 1999)).

Here, the third-party plaintiffs allege Dreni engaged in tortious acts, and viewing the allegations in the light most favorable to them, that the acts were on behalf of Skypoint and related to the film-production dispute. Accordingly, the Court finds the claims against Dreni are based on tortious acts allegedly committed by him, and therefore the third-party plaintiffs were not required to allege facts to pierce the corporate veil. See Long, 2011 WL 13244036, *1 (rejecting argument that claims against corporate officer should be dismissed because the defendant had not pled sufficient facts to pierce the corporate veil when "a plain reading shows that Defendants' claim is based on acts committed by [the officer]").

For the reasons discussed above, the Court denies Dreni's motion to dismiss the three counterclaims. The Court will now turn to the issue of sanctions.

### III.

In ordering Dreni to file a reply, the Court directed him to address why sanctions should not be imposed pursuant to Rule 11 of the Federal Rules of Civil Procedure if the Court agreed with the third-party plaintiffs that the motion was frivolous because it contained arguments previously addressed by the Court. (Doc. #171, p. 2.) "The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010) (citation omitted). A district court has the discretion to award Rule 11 sanctions:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003) (citation omitted).

In his Amended Reply, Dreni acknowledges that his motion is "similar in text" and the "[t]he arguments may be identical" to Skypoint's prior motion to dismiss. (Doc. #173, pp. 3, 4.) However, Dreni argues he was re-raising these arguments for

preservation purposes, and that "he was simply trying to raise issues that his counsel believed may apply to the Third-Party Complaint against him even though they were found not to apply" to Skypoint. (Id. pp. 3, 9.) Finally, Dreni suggests that if the Court is inclined to impose sanctions, an admonishment is more appropriate than monetary punishment. (Id. p. 11.)

Having considered the matter, the Court has determined it will not impose formal sanctions on Dreni or his attorney. The Court is persuaded that the motion's repetition of arguments previously raised by Skypoint, and addressed and ruled upon by the Court, was for the legitimate purpose of preserving issues for appeal. The Court observes that greater care needed to be exercised to ensure that certain of the arguments were factually supported. The Court trusts that such an observation is sufficient.

Accordingly, it is now

**ORDERED:**

 Third-party defendant Denis Dreni's Dispositive Joinder of Motion to Dismiss Counterclaims and Motion to Dismiss Third Party Complaint (Doc. #168) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   11th   day of May, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record