UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SKYPOINT ADVISORS, LLC.,

      Plaintiff,

v.                              Case No. 2:18-cv-00356-JES-MRM

3 AMIGOS PRODUCTIONS, LLC.,
BLACKBURNSTEELE, LLC.,
ISSA ZAROUI, and
MARK C. CRAWFORD,

      Defendants.

_____/

**DEFENDANTS' AMENDED MOTION FOR PROTECTIVE ORDER**

      Defendants, 3 AMIGOS PRODUCTIONS, LLC., BLACKBURNSTEELE, LLC., ISSA

ZAROUI, and MARK C. CRAWFORD ("Defendants")[1], by and through the undersigned

counsel, file this Motion for Protective Order and states:

**RELEVANT BACKGROUND**

      Plaintiff claims to have been defrauded into investing $50,000 with a film company.

Plaintiff alleges fraud, a SEC violation, a FDUTPA violation and various other claims all

stemming from allegations that a successful film operation working with people who have a

longstanding record of professional and industry success set out to defraud Plaintiff of $50,000.

Even assuming Plaintiff's allegations that Defendants are some of the most nefarious actors of all

---

[1] The Request is directed to "3 Amigos Productions, LLC, et al." Defendants submit since only 3 Amigos Productions, LLC is named, the request is only properly directed to it. However, in the event they are incorrect all Defendants respond herein, without waiving the position the Request is only directed to 3 Amigos Productions, LLC.

time and conspired to harm Plaintiff, this case is about someone claiming to have been swindled out of $50,000.

In the face of the relatively small amount in dispute, Plaintiff seeks broad and voluminous discovery. Despite having already served 29 Document Requests in its first Request for Production ["Exhibit 1"], Plaintiff now serves an additional 63 Document Requests ["Exhibit 2"], bringing the total categories to approximately 92, not including subparts.

The recent discovery should be precluded on proportionality and relevancy grounds. Defendants believe Plaintiff is misusing discovery as a means to drive up litigation expense and cause Defendants inconvenience and financial pain.

Indeed, Plaintiff has displayed a pattern of weaponizing discovery in this case. This issue was previously brought before the Court when Plaintiff sought numerous non-party subpoenas. [Dkt. 192]. Then, Defendants objected as Plaintiff previously threatened that if Defendants did not meet its demands, then Plaintiff through his "legal team" would put the world on notice of Defendants' alleged bad acts. In written correspondences, Plaintiff threatened many acts if Defendant's did not repay him. On February 26, 2018, Plaintiff/Dreni stated that if he was not repaid by a time certain he would take some of these actions:

> "1) All potential sales partners like Karo Films, Fantastic Film International, and other sales companies will be mentioned in the Lawsuit; 2) All potential sales venues will be sent a copy of the drafted complain and the filed Lawsuit in Federal Court; 3) A memo will go to all major and mini investors like Alban & Kolo at Digitalb, Vasil & his brother, Sigal explaining the reasons for the Lawsuit; 4) All pre and post deadline legal & non legal bills will be part of the complaint and demanded; 5) All pre production, production and post production partners, agents or individuals will be notified of the lawsuit filed and to be careful to release any IP or they might be liable under different jurisdictions; 6) There will be depositions of all 3 Amigos members; 7) There will be subpoena to deliver all bank accounts, receipts for personal and business accounts; 8) There will be depositions of all sales partners of 3 Amigos in search for truth behind all contracts, sales forecasts or MG that have been used to convince investors; 9) I have notified all top albanian printed and digital media of a major news coming out; 9) There will be great scrutiny of your expense policy (or lack thereof) and also commingling of personal funds, undeclared cash and other financial event…" ["Exhibit 3," Page 1].

Plaintiff explained he would make his actions through his legal team. ["Exhibit 3," Page 8]. If payment was not made, "it would be out of [Plaintiff's] hands" and "everyone would be notified." ["Exhibit 3," Page 5]. On February 20, 2018, Plaintiff explained "I will spend another 150k to get to the bottom of this if I have to." ["Exhibit 3, Page 4].

Thus, Plaintiff explicitly threatens to make a $50,000 dispute disproportionally expensive by saying it would spend $150,000 on a $50,000 dispute.

Further, despite one Defendant residing in New York and another in Albania, Plaintiff insisted on in person depositions. Defendants were required to file for a protective order seeking remote depositions. The request was granted. [Dkt. 205].

Plaintiff's latest attempt to weaponize discovery should be denied.

## LAW AND ARGUMENT

The latest discovery request is not proportional to the needs of the case and seeks broadly irrelevant documents.

## I.   DISCOVERY MUST BE PROPORTIONAL TO THE NEEDS OF THE CASE.

Fed. R. Civ. P. 26 states in pertinent part that, "parties may obtain discovery… proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit…"

Here, Plaintiff alleges that he was defrauded into investing $50,000. Thus, the amount in dispute is minor and discovery should not be exceedingly expensive. The breadth and volume of Plaintiff's proposed discovery is far out of proportion to the amount in dispute.

Further, there is no need for such discovery.  Here, presumably Plaintiff will argue that it needs this information to ascertain whether Defendants made false statements. For instance, if

Defendants claimed to have existing business relationships with Odyssey Motion Pictures, then Plaintiff wants Odyssey to produce evidence of those relationships.

## II.     DISCOVERY MUST NOT BE FOR THE PURPOSE OF HARASSMENT.

Discovery must not be used for the purpose of harassment. Plaintiff previously threatened pressure upon Defendants. Plaintiff expressly threatened it would air out its allegations throughout the industry, comb through personal and business financials and spends another "150k" on a 50,000 dispute. Thus, while making a demand for payment Plaintiff thought it would use the threats as leverage.

Here, Defendants previously fully responded to 29 categories of document requests. Now, at the end of discovery Plaintiff propounds another 63 document requests. Defendants submit the subject volume is not for a legitimate purpose.

## III.     MUCH OF THE REQUESTED DISCOVERY IS IRRELEVANT

The majority of Plaintiff's second document request is not bound by relevancy or the issues in this case. For instance, Plaintiff broadly seeks all company tax documents, all correspondences between certain parties without confining these types of requests to a discoverable issue in the case. The specific instances are listed below:

### REQUEST

1.   Please provide any and all termination letters between you and Fantastic Films.

RESPONSE: Along with proportionality, this request is not limited to the subject film.

4.   Please provide and Identify all Documents and communications between You and the Bulgarian Unified Production Organization ("B.U.F.O."), including any missing pages to the B.U.F.O. agreement previously disclosed.

RESPONSE: Along with proportionality, this request is not limited to the subject film.

5.   Please provide and Identify all Balance sheets in your possession from B.U.F.O.

RESPONSE: Along with proportionality, this request is not limited to the subject film.

6. Please provide and Identify all Documents amendments/updated to agreements between You and Odyssey Motion Pictures ("Odyssey") from September 10, 2019 through the present day.

RESPONSE: Along with proportionality, this request is not limited to the subject film.

8. Please provide and Identify all 3 amigos' accounts bank statements from the last date of disclosure to the present day.

RESPONSE: Along with proportionality, this request is not limited to the subject film and seeks broad financial information having nothing to do with the subject dispute.

11. All communications from Mercury Films to 3 Amigos.

RESPONSE: Along with proportionality, this request is not limited to the subject film. It broadly seeks correspondences between two companies without a nexus to the issues in dispute.

13. All tax forms for 3 Amigos for 2019.

RESPONSE: Along with proportionality, this request is not limited to the subject film and seeks broad financial information without connection to the issues in the subject dispute.

14. All tax forms for 3 Amigos for 2020.

RESPONSE: Along with proportionality, this request is not limited to the subject film and seeks broad financial information without connection to the issues in the subject dispute.

15. All tax forms for Mercury Films for 2019.

RESPONSE: Along with proportionality, this request is not limited to the subject film and seeks broad financial information without connection to the issues in the subject dispute.

16. All tax forms for Mercury Films for 2020.

RESPONSE: Along with proportionality, this request is not limited to the subject film and seeks broad financial information without connection to the issues in the subject dispute.

17. All tax forms for Blackburnsteele, LLC for 2019.

RESPONSE: Along with proportionality, this request is not limited to the subject film and seeks broad financial information without connection to the issues in the subject dispute.

18. All tax forms for Blackburnsteele, LLC for 2020.

RESPONSE: Along with proportionality, this request is not limited to the subject film and seeks broad financial information without connection to the issues in the subject dispute.

21. Any/all Assignments of Copyright recorded in the U.S. Copyright office for screenplays and/or film rights in 3 Amigos.

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

32. Any and all Communications between Defendants and Peter Gibbons.

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

33. Any and all Communications between Mercury Films, or any of its agents, and Peter Gibbons.

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

34. Any and all Communications between Defendants, Mercury Films including it agents, and Throttle regarding Throttle's alleged bankruptcy.

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

35. Any and All Movie reseller agreements signed with any other company besides Odyssey.

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

36. All records accounting for all payments made by Mercury Films to BUFO.

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

37. All records accounting for all payments made by Defendants to BUFO.

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

38. Any and all communications from Mercury Films to Defendants.

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

39. All communications between Marco Balsamo and Defendants.

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

40. All tax forms for 3 Amigos for all years in operation since that is the Budget, and Total sum of liabilities.

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

45. A list of all of the alleged NDA's that Zaroui mentioned during his deposition.

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

51. Any and all Contracts between Mercury Films, or any other producer retained by Defendants and:

a. Aya Pro

b. Creative Century Entertainment

c. Dutch Filmworks

d. Film1

e. Fox Network Group

f. Italian Film

g. Jaye Entertainment

h. Kinolostika

i. Shanghai Morejoy Entertainment

j. White Pearls Movies

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

52. Any and all Documents provided to Defendants by Mercury Films, evidencing payments made by:

a. Odyssey

b. Aya Pro

c. Creative Century Entertainment

d. Dutch Filmworks

e. Film1

f. Fox Network Group

g. Italian Film

h. Jaye Entertainment

i. Kinolostika

j. Shanghai Morejoy Entertainment

k. White Pearls Movies

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

54. All documents supporting Zaroui's assertion that Fantastic Films was a scam organization.

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

55. Any and All communications between Defendants and Mr. Vulashi.

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

56. All documents accounting for Blackburnsteel's alleged $125,000 and how it was used in the production of the movie.

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

60. All communications with Peter Zhelego, actor in the Movie the Brave.

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

61. All communications with Louis Mandaylor (email, WhatsApp, sms, skype, etc.).

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

62. All communication with Michael Cabenaugh from Odyssey Films.

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

63. Any/all communications between Marc Clebanoff of Odyssey Motion Pictures and 3 amigos, or any of its principals.

RESPONSE: Along with proportionality, this request is not limited to the subject film or issues in this suit.

## CONCLUSION

In a dispute over $50,000, Plaintiff should be required to carefully draft discovery directed to the issues in this case.

WHEREFORE Defendants respectfully request an order from this Court entering a protective order on the grounds of proportionality and relevancy plus all other relief deemed just and proper.

## LOCAL RULE 3.01 CERTIFICATION

The undersigned counsel conferred with opposing counsel and counsel do not agree on the resolution of the motion.

Respectfully submitted this 13th day of May 2021.

/s/ David P. Fraser
David P. Fraser

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 13, 2021, I served the foregoing via email upon all counsel of record.

/s/ David P. Fraser
David P. Fraser, Esq.

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | |
|---|---|
| SKYPOINT ADVISORS, LLC., | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| | ) |
| *v.* | ) Case No. 2:18-cv-00356-JES-MRM |
| | ) |
| | ) |
| 3 AMIGOS PRODUCTIONS, LLC, *et al.* | ) |
| | ) |
| *Defendants.* | ) |
| | ) |
| | ) |
| | ) |
| | ) |

---

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION**

---

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), 3 Amigos Productions, LLC ("3 Amigos"), Mark C. Crawford ("Crawford"), Issa Zaroui ("Zaroui"), and Blackburnsteele LLC ("Blackburn") (collectively "Defendants" or "Counterclaim Plaintiffs") serve these Responses and Objections to Plaintiff's First Set of Requests for Production of Documents.

## <u>GENERAL OBJECTIONS</u>

Defendants object to each Request: (1) insofar as the requests are overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents not in Defendants' possession, custody, or control; (3) insofar as it calls for the production of documents that were prepared for or in anticipation of litigation, constitute

attorney work product, contain attorney-client communications, or are otherwise privileged; (4) insofar as it calls for the production of documents which are publicly available or otherwise equally available and/or uniquely available or equally available from third parties; (5) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (6) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

The inadvertent production or disclosure of any privileged documents or information shall not constitute or be deemed to be a waiver of any applicable privilege with respect to such document or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. Defendants reserve the right not to produce documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. Defendants likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of documents produced in response to these requests; and (2) discovery requests relating to those documents.

Defendants submit these responses and objections without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist.

Defendants' responses and objections are not intended to be, and shall not be construed as, agreement with Plaintiff's characterization of any facts, circumstances, or legal obligations. Defendants reserve the right to contest any such characterization as inaccurate.

Defendants also objects to the Requests to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation. The responses and objections contained herein are made on the basis of information now known to Defendants and are made without waiving any further objections to or admitting the relevancy or materiality of any of the information requested. Defendants' investigation, discovery and preparation for proceedings are continuing and all answers are given without prejudice to Defendants' right to introduce or object to the discovery of any documents, facts or information discovered after the date hereof.

Defendants will provide their responses based on terms as they are commonly understood, and consistent with the FRCP.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to 3 Amigos' financial accounts since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. See Doc. No. 000001-000589. **These documents are confidential and will only be produced after the parties enter into a confidentiality agreement, approved by the Court in the form of a protective order. See attached index/log.**

**REQUEST FOR PRODUCTION NO. 2:**

All investor contracts, including drafts of investor contracts whether executed or not, related to the Project since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. See Doc. No. 000590-000634. **These documents are confidential and will only be produced after the parties enter into a confidentiality agreement, approved by the Court in the form of a protective order. See attached index/log.**

**REQUEST FOR PRODUCTION NO. 3:**

All Documents relating to investor wire transfers, cash transfers, or any other transfer evidencing the delivery of funds to 3 Amigos relating to the Project, since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. See Doc. No. 000001-000589. **These documents are confidential and will only be produced after the parties enter into a confidentiality agreement, approved by the Court in the form of a protective order. See attached index/log.**

**REQUEST FOR PRODUCTION NO. 4:**

All executed contracts relating to the Project, since the inception of the Project to the date of service of the instant Request, including but not limited to, actor contracts, pre-production contracts, post-production contracts, distribution contracts, and all persons or entities listed in any credits or purported credits of the Project film.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. See Doc. No. 000635-000793. See also Doc. No. 000590-000634. **These documents are produced partially. See attached index/log**.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents reflecting receipt and/or expenditure of cash by 3 Amigos in cash transactions relating to the Project, since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and

control, attached to this Response. See Doc. No. 000001-000589. **These documents are confidential and will only be produced after the parties enter into a confidentiality agreement, approved by the Court in the form of a protective order. See attached index/log.**

**REQUEST FOR PRODUCTION NO. 6:**

All company budgets, including drafts thereof, related to the Project, since the inception of the Project to the date of service of the instant Request, including pre-production and post-production budgets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. See Doc. No. 000794-000814.

See also the Film Financing Agreement attached to the TAC.

**REQUEST FOR PRODUCTION NO. 7:**

All corporate Documents of 3 Amigos.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) Defendants object to this request as unduly burdensome to the extent that it seeks information that is publicly available

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced basic documents. See Doc. No. 000815. The remaining documents are available online.

**REQUEST FOR PRODUCTION NO. 8:**

All corporate Documents of Blackburnsteele, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) Defendants object to this request as unduly burdensome to the extent that it seeks information that is publicly available

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced basic documents. See Doc. No. 000816. The remaining documents are available online.

**REQUEST FOR PRODUCTION NO. 9:**

All 3 Amigos board meeting minutes since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

A diligent search and reasonable inquiry has been made in an effort to locate the item(s) requested. Defendants are unable to comply with this Request No. 9 because the requested document(s) do not exist.

**REQUEST FOR PRODUCTION NO. 10:**

All Blackburnsteele, LLC board meeting minutes since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

A diligent search and reasonable inquiry has been made in an effort to locate the item(s) requested. Defendants are unable to comply with this Request No. 10 because the requested document(s) do not exist.

**REQUEST FOR PRODUCTION NO. 11:**

All communications between the members of 3 Amigos relating to the Project, including communications related to investors of the Project, since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. See Doc. No. 000817-000846. See also Doc. No. 000847-000893. See also Doc. No. 000911-001239. See also Doc. No. 001265-001318.

**REQUEST FOR PRODUCTION NO. 12:**

All communications between 3 Amigos and any vendors, actors, producers, directors, screenwriters, and any other individual or entity working on or for the Project, relating to the Project, since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. See Doc. No. 000847-000893. See also Doc. No. 000817-000846.

**REQUEST FOR PRODUCTION NO. 13:**

All contracts or agreements between 3 Amigos and Marco Balsamo relating to the Project, since the inception of the Project to the date of service on the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. See Doc. No. 000724-000728.

**REQUEST FOR PRODUCTION NO. 14:**

All contracts between 3 Amigos and Karo Films relating to the Project, since the inception of the Project to the date of service on the instant request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

A diligent search and reasonable inquiry has been made in an effort to locate the item(s) requested. Defendants are unable to comply with this Request No. 14 because the requested document(s) do not exist.

**REQUEST FOR PRODUCTION NO. 15:**

All contracts between 3 Amigos and Fantastic Film International relating to the Project, since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. See Doc. No. 000740-000743.

**REQUEST FOR PRODUCTION NO. 16:**

All 3 Amigos tax returns since the inception of the Project to the date of the service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

A diligent search and reasonable inquiry has been made in an effort to locate the item(s) requested. Defendants are unable to comply with this Request No. 16 because the requested document(s) do not exist.

**REQUEST FOR PRODUCTION NO. 17:**

All 3 Amigos income statements since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

A diligent search and reasonable inquiry has been made in an effort to locate the item(s) requested. Defendants are unable to comply with this Request No. 16 because the requested document(s) do not exist.

**REQUEST FOR PRODUCTION NO. 18:**

All 3 Amigos balance sheets since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and

control, attached to this Response. <u>See Doc. No. 000894-000896.</u> **These documents are confidential and will only be produced after the parties enter into a confidentiality agreement, approved by the Court in the form of a protective order.** <u>**See attached index/log.**</u>

**<u>REQUEST FOR PRODUCTION NO. 19</u>:**

All Documents relating to or reflecting any transfer of funds from any 3 Amigos account to the bank accounts of any of the following individuals or entities, including any accounts related to any business entities in which the following have any legal or equitable interest, since the inception of the Project to the date of service of the instant Request: Chad Pittman, Blackburststeele, LLC, Mark Crawford, Irena Crawford, Issa Zaroui, or Anna Zaroui.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 19</u>:**

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. <u>See Doc. No. 000001-000589.</u> **These documents are confidential and will only be produced after the parties enter into a confidentiality agreement, approved by the Court in the form of a protective order.** <u>**See attached index/log.**</u>

**REQUEST FOR PRODUCTION NO. 20:**

All Documents reflecting any transfer or payment of funds to 3 Amigos by any individual or entity, related to the Project, since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. See Doc. No. 000001-000589. **These documents are confidential and will only be produced after the parties enter into a confidentiality agreement, approved by the Court in the form of a protective order. See attached index/log.**

**REQUEST FOR PRODUCTION NO. 21:**

All Documents, including canceled checks, reflecting any transfer or payment of funds by 3 Amigos to any individual or entity, related to the Project, including expenditures made by 3 Amigos in the course of the Project, since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the

production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) insofar as it is duplicative.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. See Doc. No. 000001-000589. **These documents are confidential and will only be produced after the parties enter into a confidentiality agreement, approved by the Court in the form of a protective order. See attached index/log.**

## REQUEST FOR PRODUCTION NO. 22:

All communications between Issa Zaroui and Marc Crawford pertaining to the investment in the Project, including communications related to all solicitation of the investment, investor agreements, the execution of investor agreement, and expenditures of the investor funds.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. See Doc. No. 001265-001318.

**REQUEST FOR PRODUCTION NO. 23:**

All communications between Issa Zaroui and Chad Pittman which contain any portion of the name "Denis Dreni" or "Skypoint", since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) insofar as it is duplicative.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. See Doc. No. 000817-000846. See also Doc. No. 000847-000893.

**REQUEST FOR PRODUCTION NO. 24:**

All communications between Mark Crawford and Chad Pittman which contain any portion of the name "Denis Dreni" or "Skypoint", since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter

of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) insofar as it is duplicative.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. See Doc. No. 000817-000846. See also Doc. No. 000847-000893.

**REQUEST FOR PRODUCTION NO. 25:**

All communications, including email, WhatsApp, and SMS communications, between Issa Zaroui and Denis Dreni related to the Project, the Project, since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) insofar as it is duplicative.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. See Doc. No. 000897-000910. See also Doc. No. 000817-000846.

**REQUEST FOR PRODUCTION NO. 26**:

All communications, including email, WhatsApp, and SMS communications, between Mark Crawford and Denis Dreni related to the Project, the Project, since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) insofar as it is duplicative.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. See Doc. No. 000911-001239.

**REQUEST FOR PRODUCTION NO. 27**:

All electronic communication, including email, WhatsApp, And SMS communications, between Issa Zaroui and Mark Crawford to William Kaufman or the Bulgarian production team, since the inception of the Project to the date of service of the instant Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (3) insofar as it calls for the production of documents which are neither

relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) insofar as it is duplicative.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. See Doc. No. 001240-001264.

## REQUEST FOR PRODUCTION NO. 28:

All documents relating to Issa Zaroui's declarations, if any, to United States authorities, Bulgarian authorities, and/or Albanian authorities pertaining to Issa Zaroui carrying more than 10,000 USD or EUR with him on flights, since the inception of the Project to the date of service of the instant Request.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

A diligent search and reasonable inquiry has been made in an effort to locate the item(s) requested. Defendants are unable to comply with this Request No. 28 because the requested document(s) do not exist or could not be found.

## REQUEST FOR PRODUCTION NO. 29:

All 3 Amigos contracts with all persons in the Project movie credits, including but not limited to Irena Crawford, Anna Zaroui, Issa Zaroui, Mark Crawford, Chad Pittman, Marco Balsamo, Salim Zaroui, Koloreto Cukali, William Kaufman, etc.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Defendants object to this Request: (1) insofar as the request is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter

of this litigation; and (3) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) insofar as it is duplicative.

Subject to and without waiving the foregoing objections and General Objections, Defendants have produced all the documents responsive to this request in their possession and control, attached to this Response. <u>See Doc. No. 000635-000793</u>.

Respectfully submitted,

<u>**/s/ L. Marc Zell**</u>
L. Marc Zell, specially admitted *pro hac vice*
34 Ben Yehuda Street
Jerusalem 9423001 ISRAEL
Tel. 011-972-2-633-6300
Fax.: 011-972-2-672-1767
Email: mzell@fandz.com

and

Katherine C. Donlon
WIAND GUERRA KING
Florida Bar ID No.: 0066941
5505 W. Gray Street
Tampa, FL 33609
Phone: 813.347.5104
Fax: 813.347.5154
Email: kdonlon@wiandlaw.com

*Counsel for Defendants/Counterclaim Plaintiffs*

# <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail to the

following parties this 8th day of November, 2019.

Joseph A. Davidow
WILLIS & DAVIDOW, L.L.C.
851 5th Avenue North, Suite 301
Naples, Florida 34105
jdavidow@willisdavidow.com
Attorney for Plaintiff

**/s/ L. Marc Zell**

_____

Attorney

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SKYPOINT ADVISORS, LLC.,

      Plaintiff/Counter-Defendant,

                                     Case No. 2:18-cv-00356-JES-MRM

v.

3 AMIGOS PRODUCTIONS, LLC.,
BLACKBURNSTEELE, LLC.,
ISSA ZAROUI, and
MARK C. CRAWFORD,

      Defendants/Counter-Plaintiffs,

v.

DENIS DRENI,

      Counter-Defendant.

_____/

## REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, the plaintiff, SKYPOINT ADVISORS, LLC., ("Plaintiff"), by and through undersigned counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure and serves this Request for Production of Documents to 3 AMIGOS PRODUCTIONS, LLC, et al. who is required to produce the following delineated documentation to Willis and Davidow, 9015 Strada Stell Court #106, Naples FL 34102, within thirty (30) days from the date of service of this Request as provided in the Federal Rules of Civil Procedure:

## DEFINITIONS AND INSTRUCTIONS

1. The Terms "You", "Your," "Defendant," or "Defendants" shall mean the defendants as listed in this lawsuit, 3 AMIGOS PRODUCTIONS, LLC. ("3 Amigos"), BLACKBURNSTEELE, LLC. ("Blackburnsteele"), ISSA ZAROUI ("Zaroui"), and/or MARK C. CRAWFORD ("Crawford"), or any combination of the aforementioned, in the above action unless the proper name of an individual Defendant is provided. "Defendants" or the proper name of an individual Defendant includes any employee, agent or attorney of any Defendant, and any other person acting for or on the behalf of any listed Defendant or under the authority or control of any Defendant individually, jointly, or in any capacity whatsoever with any other entity of any kind, nature or type including all successors, assignees or predecessors in right, title and interest.

2. "Plaintiff" means SKYPOINT ADVISORS, LLC. "Plaintiff" includes any agent or attorney of Plaintiff, and any person acting for or on behalf of Plaintiff or under Plaintiff's authority or control individually, jointly, or in any capacity whatsoever with any other entity of any kind, nature or type including all successors, assignees, and predecessors in right, title and interest.

3. "Skypoint" means SKYPOINT ADVISORS, LLC as referred to in Defendants/Counter-Plaintiffs' Counterclaims.

4. The term "Document" or "Documents" means an original, a legible copy of an original, if an original is not available of each and every draft that has been prepared. "Document" or "Documents" shall include all written information regardless of form, including but not limited to written print copies, notes, emails,

text messages, electronic copies and any other computer-generated forms. "Document" or "Documents" means all Documents that are currently or have ever been under your control.  If a "Document" or "Documents" were once in your control or possession but are no longer please provide as to why they are no longer in Your possession or control.

5. "Communication" means any imparting or exchanging of information between more than one person or corporation, with another.  "Communication" includes discussions, dialogues, colloquialisms, or conversations, emails, telephone conversations, of any other electronic communications.

6. "Person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, join venture, firm, other business enterprise, governmental body, group of natural persons or entities.

7. "Identify" when used to request a reference to an individual Person means to state the Persons' (a) full name, (b) title, position, or job classification, (c) home, business, and email addresses and (d) home, business, and mobile telephone numbers.

8. "Identify" when used to request a reference to a Document or Documents means to state for each Document (a) the type of Document (memorandum, letter, email, text, etc.), (b) set forth the date of the Document, (c) identify its author (and the originator and/or signer), (d) set forth the title, heading, and numerical pagination of the Document, (e)  identify the sender of the Document, (f) identify to whom the Document was sent, (g) set forth the present location of the Document, and (g) describe the substance of the Document.

**<u>Documents Requested</u>**

1.  Please provide any and all termination letters between you and Fantastic Films.

2.  Please provide any and all communications between you and Fantastic Films regarding the ownership of the respective copyright ownership rights of the script for "Lazarat Burning" and the script the "Brave," including the cease-and-desist letters that were referenced by Issa Zaroui during his deposition.

3.  Please provide the notes that Issa Zaroui had in his possession and/or that he referenced during his deposition.

4.  Please provide and Identify all Documents and communications between You and the Bulgarian Unified Production Organization ("B.U.F.O."), including any missing pages to the B.U.F.O. agreement previously disclosed.

5.  Please provide and Identify all Balance sheets in your possession from B.U.F.O.

6.  Please provide and Identify all Documents amendments/updated to agreements between You and Odyssey Motion Pictures ("Odyssey") from September 10, 2019

through the present day.

7.  Please provide all statements from Odyssey for all accounts related to 3 Amigos, "the Brave," or "Lazarat Burning."

8.  Please provide and Identify all 3 amigos' accounts bank statements from the last date of disclosure to the present day.

9.  Please provide and Identify any and all communications between Odyssey and Mercury Films related to "the Brave" or "Lazarat Burning."

10. All communications between Crawford and Mercury films regarding payments made to Odyssey for the film.

11. All communications from Mercury Films to 3 Amigos.

12. All notices sent by You to 3 Amigos investors of monies paid to Odyssey by third-parties related to "the Brave" or "Lazarat Burning."

13. All tax forms for 3 Amigos for 2019.

14. All tax forms for 3 Amigos for 2020.

15. All tax forms for Mercury Films for 2019.

16. All tax forms for Mercury Films for 2020.

17. All tax forms for Blackburnsteele, LLC for 2019.

18. All tax forms for Blackburnsteele, LLC for 2020.

19. Any/all documents or evidence supporting Your claims by the principals of 3 Amigos that they lost any particular job as discussed in Mark Crawford and Issa Zaroui depositions.

20. Any/all documentation of communication with Google regarding any alleged Hack into Issa Zaroui's account.

21. Any/all Assignments of Copyright recorded in the U.S. Copyright office for screenplays and/or film rights in 3 Amigos.

22. Any/all Letters and/or documents evidencing that there was a Clear Chain of Title for "The Brave" prior to its being distributed.

23. Any/all videos, media, or advertising materials, showing 3 Amigos' marketing of "The Brave."

24. Any/all communications between Defendants and Billy Baldwin or any agent of Billy Baldwin related to the film "The Brave" or the film "Lazarat Burning."

25. Any/all communications between Defendants and Harvey Keite or any agent of Harvey Keite related to the film "The Brave" or the film "Lazarat Burning."

26. Any/all communications from any actor declining to act in the film "The Brave" or the film "Lazarat Burning."

27. Any/all communications from any actor demanding to be paid by Mercury Films/Zaroui related to "The Brave" or the film "Lazarat Burning."

28. Any and all documents of proof of Invoices or Accounts payable for the $100,000 (Issa), $25,000 (Crawford) and $25,000 (Pittman) referenced in the Memorandum Agreement.

29. The Original Contracts that were entered into with Odyssey and the Estimates that were provided by Odyssey, made prior to the entering of the contract with Fantastic films International.

30. All contracts, communications, invoices, balance statements, and records of payment between Defendants, and Mercury Films, or any of its agents, regarding "The Brave" or "Lazarat Burning."

31. Any and all invoices, and/or business records accounting for the payment to Marco Balsamo for the Script and or any other work.

32. Any and all Communications between Defendants and Peter Gibbons.

33. Any and all Communications between Mercury Films, or any of its agents, and Peter Gibbons.

34. Any and all Communications between Defendants, Mercury Films including it agents, and Throttle regarding Throttle's alleged bankruptcy.

35. Any and All Movie reseller agreements signed with any other company besides Odyssey.

36. All records accounting for all payments made by Mercury Films to BUFO.

37. All records accounting for all payments made by Defendants to BUFO.

38. Any and all communications from Mercury Films to Defendants.

39. All communications between Marco Balsamo and Defendants.

40. All tax forms for 3 Amigos for all years in operation since that is the Budget, and Total sum of liabilities

41. All tax forms for Mercury Films for the years it was working on "The Brave" or "Lazarat Burning" along with its Budget, and total revenue and sum of liabilities.

42. All documents evidencing an accounting for the $140,000, Marc Crawford allegedly invested in the movie.

43. All documents evidencing an accounting for all of the Money alleged to be invested by Issa Zaroui in the movie.

44. The alleged 20-year contract between Marco Balsamo and Mercury films that was referenced during the deposition of Issa Zaroui.

45. A list of all of the alleged NDA's that Zaroui mentioned during his deposition.

46. The application of Crawford sent to the Albanian American Enterprise Fund.

47. The application of Crawford sent to the Pension Fund in Kosovo and the bank.

48. Any and all communications or documents supporting your claim that Dreni and Skypoint contacted third-parties and made defamatory comments about Defendants.

49. Any and all communications between Defendants and third-parties evidencing alleged defamatory statements made by Dreni and/or Skypoint.

50. A full and final video copy of the movie that you contend was produced in accordance with Dreni's Film Financing Agreement.

51. Any and all Contracts between Mercury Films, or any other producer retained by Defendants and:
 a. Aya Pro
 b. Creative Century Entertainment
 c. Dutch Filmworks
 d. Film1
 e. Fox Network Group
 f. Italian Film
 g. Jaye Entertainment
 h. Kinolostika
 i. Shanghai Morejoy Entertainment
 j. White Pearls Movies

52. Any and all Documents provided to Defendants by Mercury Films, evidencing payments made by:
 a. Odyssey
 b. Aya Pro
 c. Creative Century Entertainment
 d. Dutch Filmworks
 e. Film1
 f. Fox Network Group
 g. Italian Film
 h. Jaye Entertainment
 i. Kinolostika
 j. Shanghai Morejoy Entertainment
 k. White Pearls Movies

53. All Communications between Defendants and Three Point Capital related to the film "The Brave" or the film "Lazarat Burning".

54. All documents supporting Zaroui's assertion that Fantastic Films was a scam organization.

55. Any and All communications between Defendants and Mr. Vulashi.

56. All documents accounting for Blackburnsteel's alleged $125,000 and how it was used in the production of the movie.

57. All documents evidencing and accounting for Mercury Films' alleged investment in the film "The Brave" or the film "Lazarat Burning."

58.  All documents accounting for Pittman's alleged $150,000 and how it was used in the production of the movie.

59. All communications with Digitalb relating to film "The Brave" or the film "Lazarat Burning."

60. All communications with Peter Zhelego, actor in the Movie the Brave.

61. All communications with Louis Mandaylor (email, WhatsApp, sms, skype, etc.).

62. All communication with Michael Cabenaugh from Odyssey Films.

63. Any/all communications between Marc Clebanoff of Odyssey Motion Pictures and 3 amigos, or any of its principals.

Respectfully Submitted,

/ss/  Joseph A. Davidow
Joseph A. Davidow
Florida Bar No. 65885
Attorney for Plaintiff
**WILLIS & DAVIDOW, LLC**
JDavidow@WillisDavidow.com
9015 Strada Stell Ct #106,
Naples, FL 34109
Phone: (239) 465-0531

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and accurate correct copy of the foregoing has been

e-mailed to all parties, this 2nd of April, 2021.

<u>ss/  Joseph A. Davidow</u>
Joseph A. Davidow
Florida Bar No. 65885
Attorney for Plaintiff
**WILLIS & DAVIDOW, LLC**
JDavidow@WillisDavidow.com
9015 Strada Stell Ct #106,
Naples, FL 34109
Phone: (239) 465-0531

# EXHIBIT 3

| | |
|---|---|
| **From:** | Denis Dreni <ddreni@gmail.com> |
| **Sent:** | Monday, February 26, 2018 3:58 AM |
| **To:** | Issa Zaroui |
| **Cc:** | Mark Crawford; chadhpittman@gmail.com |
| **Subject:** | Re: SkyPoint FILM FINANCING ASSUMPTION AGREEMENT |

3 Amigos,

We are approaching the deadline set by my legal team in order for 3 Amigos to return my principal investment of 50,000$ gracefully WITHOUT ANY PROFITS OR CREDITS.  I would like the 3 of you or another party to enjoy and benefit all my profits and ROI promised by Issa on this venture.

There are zero hidden agendas.

There is only ONE AGENDA: **Denis Dreni needs to distance himself completely from the 3 Amigos production and its investor relationship and communication responsibilities, because I have lost complete trust in the project from a financial and legal perspective.  As soon as I receive the money in my Skypoint account or Davidow's Escrow, I will sign a waiver of all responsibilities from 3 Amigos, since my limited term loan would have been repaid and I do not have anything to do with the 3Amigos production, Lazarat Burning, The Brave Ones, The Brave or whatever else name the project might be called.**

This email is for the benefit of Mark, who is the person that introduced me to this investment opportunity and of Chad who has invested his lifetime savings, which will be locked up in major litigations from all fronts.

There is ZERO bluffing here, and not sure why anyone would be bluffing about just getting their money back after over 12 months+ without any communication from this team.  If you EGO allows it, I don't want a single penny above my 50000$

My legal team has been preparing for over 4 months now, and these will be the next steps:

1- My legal team will officially draft  a complaint that will be filed in Federal Court past the deadline this week
I will personally also file the followings:

2- https://www.sec.gov/oiea/Complaint.html
15 U.S. Code § 78e - Transactions on unregistered exchanges It shall be unlawful for any broker, dealer, or exchange, directly or indirectly, to make use of the mails or any means or instrumentality of interstate commerce for the purpose of using any facility of an exchange within or subject to the jurisdiction of the United States to effect any transaction in a security, or to report any such transaction, unless such exchange (1) is registered as national securities exchange under section 78f of this title, or (2) is exempted from such registration upon application by the exchange because, in the opinion of the Commission, by reason of the limited volume of transactions effected on such exchange, it is not practicable and not necessary or appropriate in the public interest or for the protection of investors to require such registration. (June 6, 1934, ch. 404, title I, § 5, 48 Stat. 885.

3- https://www.flofr.com/StaticPages/documents/OFRComplaintForm2015.pdf
4- FBI complain

In addition:(but not limited to)

1

1. All potential sales partners like Karo Films, Fantastic Film International, and other sales companies will be mentioned in the Lawsuit
2. All potential sales venues will be sent a copy of the drafted complain and the filed Lawsuit in Federal Court
3. A memo will go to all major and mini investors like Alban & Kolo at Digitalb, Vasil & his brother, Sigal explaining the reasons for the Lawsuit
4. All pre and post deadline legal & non legal bills will be part of the complaint and demanded
5. All pre production, production and post production partners, agents or individuals will be notified of the lawsuit filed and to be careful to release any IP or they might be liable under different jurisdictions
6. There will be depositions of all 3 Amigos members
7. There will be subpoena to deliver all bank accounts, receipts for personal and business accounts
8. There will be depositions of all sales partners of 3 Amigos in search for truth behind all contracts, sales forecasts or MG that have been used to convince investors
9. I have notified all top albanian printed and digital media of a major news coming out
10. There will be great scrutiny of your expense policy (or lack thereof) and also commingling of personal funds, undeclared cash and other financial event

I truly hope that 3Amigos will close this debt and allow me to gracefully continue my life without any sort of involvement with 3 Amigos production and this movie.

I completely wrote off the 50k when I met the 3Amigos team in Bulgaria after all the dark conversations, cash deals, etc but was hoping Mark Crawford my friend would give me my money back and be done.  I have nothing to lose now, but to gain my 50,000$ back sooner or later.

May God give you peace with whatever decision you make for yourselves, investors and the project.

CHOOSE WISELY...NOONE WILL UNDERSTAND WHY YOU ALLOWED THIS TO HAPPEN WHEN THE PROJECT WILL MAKE MONEY SOON

Denis

On Thu, Feb 22, 2018 at 12:58 AM, Issa Zaroui <issa@mercuryfilms.net> wrote:
Denis, you obviously are not UNDERSTANDING US still, we stand firm and we all know what is your hidden agenda that created your stupid allegation.

I answered your lawyers assistant yesterday and I told you that we will see you in court and prepare yourself for a defamation lawsuit for calling me a "Con Artist"!!

Begin forwarded message:

> **From:** Gmail <chadhpittman@gmail.com>
> **Date:** February 22, 2018 at 5:27:41 AM GMT+3
> **To:** crawford@blackburnsteele.com, issa@mercuryfilms.net
> **Subject:** Fwd: SkyPoint FILM FINANCING ASSUMPTION AGREEMENT

> Sent from my iPhone

Begin forwarded message:

> **From:** Denis Dreni <ddreni@gmail.com>
> **Date:** February 22, 2018 at 6:47:51 AM GMT+5
> **To:** chadhpittman@gmail.com
> **Subject: Fwd: Re: SkyPoint FILM FINANCING ASSUMPTION AGREEMENT**
>
> FYI...since you were not part of the explanation and I know how much money you
> trusted Issa with...next week will not be easy for you
>
> All i want is my money back...but at the moment i feel 100% that I have lost it already
> so i have nothing else to lose...
>
> Hopefully you and mark put some senses on him before it is too late...
>
> i will keep you cc on all future conversations
>
> It does not need to get as bad as it will...if i get my money, I am out of your 3 amigos
> books and have zero responsibility to any albanian investors that call me regularly...I
> will not answer the phone and delete all affiliation to your movie
>
>
> -------- Forwarded message ----------
> From: "Denis Dreni" <ddreni@gmail.com>
> Date: Feb 20, 2018 9:41 PM
> Subject: Re: SkyPoint FILM FINANCING ASSUMPTION AGREEMENT
> To: "Issa Zaroui" <issa@mercuryfilms.net>
> Cc: "Mark Crawford" <crawford@blackburnsteele.com>
>
> Issa,
> I dont understand why are you calling me on an american and russian phone number
> threatening me.  What are you threatening me with?
>
> Your last 6 months behaviour and Mark Crawford dissappearing from the buy back
> contract which he drafted, is more proof that you are running a "bad" operations.
>
> I was not going to include my legal team until tomorrow, but your phone calls which
> now have been registered yelling and threatening me that you will find dirt on me,
> while I am asking for my money back...is suicidal and comical...hence they are
> included
>
> Here is a recap, for you to review before 5 pm strikes tomorrow:
>
> 1- Denis is asking for his 50k dollars back, while returning my profit interest to 3
> Amigos, because I have a lot of tangible proof that you are running a shameful
> operations and misusing my funds and other investors funds.  Investors are calling
> me and writting to me because they think I am your partner in this movie.  And I am
> not...You used my money for free for over 12 months...Thats it.
>
> I need to remove myself from being associated with you or with your team, because I
> have a moral and business responsibility to dig more into your fraudulent behaviour

3

and then I have to disclose to the other investors and authorities.  I have been and will be asking for bank account details, P&L, Budgets which you have "cooked", reason why are you asking for 100,000+ dollars in petty cash invoices, and many more questions which you cannot and will not be willing to answer.

I still get calls from people in Albania that you keep hustling them even today for more money on this movie.  The trailer is out and I still dont have a copy of it.  The list is so long, that you can be easily fired as EP asap, and made responsible for all the million dollar+ you hustled.

So chill, and instead of using your funds to threaten me and find dirt on me, just give me my 50k back.

I will spend another 150k to get to the bottom of this if I have to.

2-  The 3 Amigos approved the transfer, that is why Mark Crawford drafted the contract.  Mark or You need to execute my contract and wire the money asap before 5pm est.  That simple.

If i am not part of this group, the responsibility is only with you, Mark and Chad.

Here are the scenarious which are all win - win for all three of you guys, before the law suit gets filed and the movie IP ends up in deadlock situations, and all investor, suppliers and sales companies are notified :

1- The movie makes a lot of money and you all share my % profit...I dont want it...20 million from russia, 4 million from Fantastic film international and so many more millions which Issa will secure ;)

2- The movie does not make a lot of money and only makes 500k dollars.  You still have to pay me my 50k as first in line( maybe not....because you probably sold that first in line benefit to too many hustled souls, post production guys being some of them)...Hence why even Crawford is not answering that question????

And after the 50k you need to pay me my profits...

I dont want the profits...I just want OUT


IF SCENARIO 1 OR 2 IS REMOTELY TRUE...YOU SHOULD PAY ME BACK IMMEDIATELY AND ENJOY THE PROFITS...NO BRAINER...COME ON MARK- YOU HAVE THE MONEY...

3- HOWEVER, if your plan is to run with the money because you will make some crazy russian low ball deal...which is why you decided with Mark Crawford not to use a Third Party Collection agency like Fintage House or something else for oversight, and Fantastic film international contract is false, because you dont have any of the original cast, and you are expecting to make less than 500k, you will have pressure from your friend Chad to pay him back first his life savings and multiple people in Albania which you already have started new businesses....you will cherry pick the losers, and by God it will not be me...

4

Knowing you...you will run and change your number...I will not allow you to do that to me, the FBI will not let you do that...

So to save all of us from a sad tragic ending, I want to be out NOW and remove myself from your operations.

Mark and Issa, you have my 50k somewhere...please send it over, sign the transfer agreement and lets be done with each other for good and enjoy my Profits

I have way too many strong ties in Albania and US...dont gamble with your ego on this one...

You pay me back...I am out gracefully...you keep doing what you do best

Denis

On Feb 20, 2018 3:13 PM, "Denis Dreni" <ddreni@gmail.com> wrote:
There will be no more cooling period.

You should not play games with all the people you do business Issa and especially some of the people that you took money for this movie.  It's better that you do your business without my name involved with you by association at all....

If tomorrow by 5pm EST Mark or you have not executed the Film Financing Agreement attached on this email again, the matter will be out of my hands

Everyone will be notified with the memos and served early depositions Attorney General and others will look into all related business too

GOVERN YOURSELF ACCORDINGLY


On Tue, Feb 20, 2018 at 2:58 PM, Issa Zaroui <issa@mercuryfilms.net> wrote:
I think that your lawyers should write an official letter to us and we will take it from there.


On Feb 20, 2018, at 10:35 PM, Denis Dreni <ddreni@gmail.com> wrote:

You are such a con artist.  Let's go wherever we need to.

You are the one that wanted me to by Crawford % on day 2 after you met me, because you hated him and his wife and he supposistely only put in 3000$ as per your statement with witnesses around.

You will have all your suppliers on depositions in less than 2 weeks including all the Bulgarian, Americans and Albanians.

This is becoming a point of principle now and I will go to the end.

5

It is very ironic and interesting Why would ISSA or MARK or CHAD not want MY % in the movie for free...if the movie will make millions or 20 million like wrote and said to on record?

Please take my profits...I funded this operations for 1 year and I am getting nothing from it...Take my profits ISSA and save yourself and your team the headaches

On Tue, Feb 20, 2018 at 1:42 PM, Issa Zaroui <issa@mercuryfilms.net> wrote:
> You really want to go there, whose house is made out of glass
> should not throw rocks at people!
>
> YOU KNOW WHAT I AM TALKING ABOUT!!!
>
>
> On Feb 20, 2018, at 9:18 PM, Denis Dreni <ddreni@gmail.com>
> wrote:
>
>> Issa,
>> These are not threats...just reality...my legal team
>> has fully prepared the next steps already.  I have
>> tried to get on calls with all of your for 6  months
>> + now.
>>
>> My lawsuit will not be only based on my contract,
>> but on multiple counts of fraudulent business
>> operations at the State, Federal and International
>> level.
>>
>> I don't trust you or this team that you will fully
>> return my money, my ROI and that you will be
>> delivering transparent books.
>>
>> I just need my money back by tomorrow, as you
>> guys already decided to do anyway, so wire the
>> money tomorrow and we go out our separate
>> ways.
>>
>> You will not be able to sell your movie, once my
>> lawyers start running the clock.  All investors will
>> get a memo, all sales companies will get a memo,
>> including post people.
>>
>> If you believe this movie will make money, then
>> just pay me back my 50,000 and let me go quietly
>> so you and Mark and others can enjoy my % of
>> profits.  VERY SIMPLE PROPOSITION.

6

I have spent a lot more money the last year trying to part of this production team, and I am not asking them back if I get my 50k by tomorrow at 5 EST.
I will be asking for all of it, plus attorney fees and % and damages before the movie goes into the market.

You have had over 12 months to fix this situation.

Denis


On Tue, Feb 20, 2018 at 12:33 PM, Issa Zaroui <issa@mercuryfilms.net> wrote:
Denis, you need to read the contract carefully before you go and waist your money on lawyers. After you read the contract send me an e-mail of whatever questions you have about it and I'll answer you. The best way to solve the issue is to get on a conference with the 3 of us and finish this issue once and for all.

Let me remind you that threats is not the way we do business and it does not benefit anyone.


Thanks.


On Feb 20, 2018, at 7:28 PM, Denis Dreni <ddreni@gmail.com> wrote:

Hi Mark,

You have been ignoring my email regarding getting back my investment of 50,000$ after the 3 Amigos approved the transfer.

You have ignored all my calls as an investor, all my FB messages and also my questions regarding how will the first 200k dollar sales contract be distributed if/when it comes into the 3Amigos bank account.

Who is in front of me in the waterfall? Who else have you

promised first position?  Why are you asking for petty cash invoices with over 100,000$ in value? Etc etc

**The deadline on the contract attached is tomorrow Feb 21st, 2018 at 5 pm EST.  Money in the bank or Wire Initiated with proof.**

If the money is not in there, my legal team will receive all my notes, names and phone numbers of all investors in the movie, my investigators notes talking to all your partners involved in the movie and the back-door dealings that happened and the matter will get out of my hands.

Denis Dreni

On Sat, Feb 17, 2018 at 10:51 PM, Denis Dreni <ddreni@gmail.com> wrote:
 Hi Mark,

 No real friend would purposefully drag the payback process like this.   No real friend would not respond to calls, Facebook messages and Whatsapp messages.

 No real friend would hide like you are right now.

 I have modified the agreement appropriately so I receive my full 50,000$ by Feb 21st, 2018.

 I need a countersigned signature from you in 48 hours, otherwise I will be sending all my notes, memo's and all files to my attorney in NY and FL.

8