UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SKYPOINT ADVISORS, LLC.,

      Plaintiff/Counter
      Defendant,

v.                    Case No:  2:18-cv-356-JES-MRM

3 AMIGOS PRODUCTIONS LLC.,
BLACKBURNSTEELE LLC., ISSA
ZAROUI, and MARK CRAWFORD,

      Defendants/
      Counterclaimants.

_____

3 AMIGOS PRODUCTIONS LLC.,
BLACKBURNSTEELE LLC., ISSA
ZAROUI, and MARK C CRAWFORD,

      Third-Party
      Plaintiffs,

v.

DENIS DRENI,

      Third-Party
      Defendant.

_____

**OPINION AND ORDER**

This action comes before the Court on review of the following motions: (1) Counter-Defendant Skypoint Advisor LLC's (Skypoint) Partial Motion for Summary Judgment (Doc. #239) as to the Counterclaim; and (2) Third-Party Defendant Denis Dreni's (Dreni) Motion for Summary Judgment (Doc. #241) as to the claims made in the Third-Party Complaint.   Counterclaimants/Third-Party

Plaintiffs 3 Amigos Production LLC (3 Amigos), BlackburnSteele LLC (BlackburnSteele), Issa Zaroui (Zaroui), and Mark Crawford (Crawford) (collectively, Counterclaim Plaintiffs) filed a combined Response in Opposition to the motions (Doc. #251). Skypoint and Dreni filed Replies. (Docs. ## 260, 261.) For the reasons set forth, both motions are denied.

**I.**

This case stems from a dispute over monies provided by Skypoint to 3 Amigos for the production and release of a movie. Dreni is the managing member of Skypoint; BlackburnSteele, Zaroui, and non-party Chad Pittman are the members of 3 Amigos; and Crawford is the sole member of BlackburnSteele.

The operative Complaint (Doc. #93) asserts the following claims: (1) violation of § 10(b) of the Securities Exchange Act of 1934 and corresponding Rule 10b-5 against all Counterclaim Plaintiffs; (2) violation of Florida securities law against all Counterclaim Plaintiffs; (3) fraud against all Counterclaim Plaintiffs; (4) violation of the Florida Deceptive and Unfair Trade Practices Act against all Counterclaim Plaintiffs; (5) breach of contract against 3 Amigos only; and (6) breach of fiduciary duty against 3 Amigos only. In response, Counterclaim Plaintiffs assert a Counterclaim against Skypoint for: (1) defamation, brought by all Counterclaim Plaintiffs; (2) violation of the Stored Communications Act, brought by 3 Amigos and Zaroui; and (3)

tortious interference with contract, brought by 3 Amigos only. (Doc. #152.)  Counterclaim Plaintiffs assert the same three claims against Dreni in a Third-Party Complaint.  (Id.)

The following basic facts appear to be undisputed: On or about February 2017, Skypoint and 3 Amigos entered into a Film Financing Agreement (the "Agreement").  (Doc. #93-1.)  The Agreement was related to 3 Amigos' production, ownership, and exploitation of a movie based on a script known as "Lazarat Burning" (the Movie). (Id.)  Pursuant to the Agreement, Skypoint would provide $50,000 to 3 Amigos.  (Id. § 2.)  The Agreement stated that, "instead of receiving interest on the monies loaned [Skypoint] has elected to receive a proportional profit distribution of three point seven percent (3.7%) share of the 60% investment share of the profit as describe in Section 3.c."  (Id. § 2.1.)  Distributions under the Agreement were to occur as follows: (1) repaying front-end deferrals of the costs of the project, after any loans (including Skypoint's loan); (2) repaying any investor principals, on a pro-rata basis; and (3) distributing the remaining amounts, 60% to any investors and Skypoint based on their percentage of investment and 40% to 3 Amigos.  (Id. § 3.)

The parties generally agree that a movie went into filming and production, and that William Kaufman (Kaufman) was hired to direct and produce the Movie.  The parties' conduct and relationship following the Agreement are contested.  The Court

will discuss the contested background for each claim and the parties' positions, as necessary, <u>infra</u>.

## II.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." <u>Baby Buddies, Inc. v. Toys "R" Us, Inc.</u>, 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. <u>Hickson Corp. v. N. Crossarm Co., Inc.</u>, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." <u>Jeffery v. Sarasota White Sox, Inc.</u>, 64 F.3d 590, 593-94 (11th Cir. 1995) (citing <u>Celotex</u>, 477 U.S. at 324). "A court must decide 'whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (quoting Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). "'[I]f reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment.'" St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

### III.

**A.  Defamation Claim**

All Counterclaim Plaintiffs assert a defamation claim against Skypoint and Dreni.  (Doc. #152, p. 32.)  In this claim,

Counterclaim Plaintiffs contend that Dreni sent messages to non-parties with false and defamatory statements about them, causing them "disruptions in their personal lives and business ventures." (Doc. #152, pp. 32-33.)  Only Dreni moves for summary judgment on this claim.  (Doc. #241, p. 6.)

Defamation under Florida law requires five elements:

> (1) publication; (2) falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory.

Turner v. Wells, 879 F.3d 1254, 1262 (11th Cir. 2018) (citing Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008)).  Dreni challenges the evidentiary support for the first and fourth elements, arguing that Counterclaim Plaintiffs cannot provide any admissible evidence of publication or damages.  (Doc. #241, p. 6.)

Dreni states that Counterclaim Plaintiffs provided no relevant discovery related to their defamation claim (id. p. 7), and that while Zaroui testified during his deposition about losing work in California because of Dreni's defamatory statements, he refused to elaborate further due to a non-disclosure agreement. (Id. p. 8.)  Contrary to Fed. R. Civ. P. 56(c)(1), Dreni provides no citation to the record supporting either argument.  (Id. pp. 7-8.)  In their response, Counterclaim Plaintiffs cite to two

conclusory affidavits[1], as well as emails made by Dreni threatening to defame them with potential sales companies and investors. (Doc. #251-1, p. 3; Doc. #251-3, ¶ 3; Doc. #251-4, ¶ 3.)[2]  Neither the motion nor the response shows that any party is entitled to judgment as a matter of law based on undisputed material facts. Dreni's motion on the defamation claim is denied.

### B. Stored Communications Act Claim

Zaroui and 3 Amigos assert a Stored Communications Act (SCA), 18 U.S.C. § 2701, *et seq.*, claim against Skypoint and Dreni. (Doc. #152, ¶ 77.)  In this claim, Zaroui and 3 Amigos allege that

---

[1] Crawford's affidavit states: "I believe Dreni contacted third parties, defaming me and interrupting my work including renewal of my contract as an Independent Board of Director of the American Bank of Investments and Chairman of its Audit Committee.") (Doc. #251-3.)  Zaroui's affidavit states: "I believe Dreni contacted third parties, defaming me and interrupting my work in Albania including on a film studio." (Doc. #251-4.)

[2] Counterclaim Plaintiffs also cite to text message chains (Doc. #251-2) which are in a foreign language.  Instead of providing a certified translation, Counterclaim Plaintiffs state that "translators and live witnesses are capable of being produced at trial."  (Doc. #251, p. 1. E.g., Doc. #251-1, p. 1; Doc. 251-2.)  This is insufficient.  "'It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English.'"  Rivas-Montano v. United States, No. 803CR47T24EAJ, 2006 WL 1428507, at *1 (M.D. Fla. May 22, 2006) (quoting United States v. Rivera-Rosario, 300 F.3d 1, 5, 7 n. 4 (1st Cir. 2002) (noting "well-settled rule that parties are required to translate all foreign language documents into English")).  Accordingly, the Court will not consider any exhibits in a foreign language as part of the summary judgment record which do not include a translation. Id. (citing Lopez-Carrasquillo v. Rubianes, 230 F.3d 409, 413-14 (1st Cir. 2000) (declining to consider as part of summary judgment record a deposition excerpt in Spanish, where party submitting excerpt failed to provide English translation)).

Skypoint/Dreni accessed Zaroui's email, which is used for 3 Amigos business purposes, without authorization, causing Zaroui and 3 Amigos damages. (Id. ¶¶ 81-84.) 3 Amigos and Zaroui allege that Dreni obtained a copy of Zaroui's passport and the names and contact information of business contacts, which evidences the illegal access. (Id.) Both Skypoint and Dreni seek summary judgment on this claim.

To state a claim under the SCA, an aggrieved party must establish that the defendant (1) intentionally accessed without authorization a facility through which an electronic communication service is provided, or intentionally exceeded an authorization to access that facility; and (2) obtained, altered, or prevented authorized access to a wire or electronic communication while it was in electronic storage in such system. Snow v. DirecTV, Inc., 450 F.3d 1314, 1321 (11th Cir. 2006)); Vista Mktg., LLC v. Burkett, 812 F.3d 954, 964 (11th Cir. 2016) (holding that unauthorized accessing of emails stored by an online host violates the Stored Communications Act).

Both Dreni and Skypoint argue that Zaroui and 3 Amigos have produced no evidence, other than Zaroui's own speculation, that could show that Zaroui's email was accessed without authorization. (Doc. #239, pp. 8-18; Doc. #241, pp. 11-17.) Dreni and Skypoint cite Dreni's own declaration, averring that he never accessed

Zaroui's email.  (Doc. 238-31.)  Skypoint also cites to a passage

in Zaroui's deposition, (Doc. #239, p. 18):

> Q: Mr. Zaroui, there's some counterclaims that were brought against Skypoint in the lawsuit by yourself and 3 Amigos and Mr. –
>
> A: That will be discussed with the lawyer after you finish giving her some time to talk to us.
>
> Q. So but you've brought them against Skypoint, okay, and my question –
>
> A: And Dreni personally.
>
> Q: All right. What –
>
> A: Skypoint didn't hack my emails, sir. Dreni, himself hacked my emails, okay. Skypoint is not calling producers that I work with badmouthing me.  Dreni is calling them.
>
> Skypoint is not having – doing my life bad.  Dreni is having my life – my professional life like from bad to worse because it's like – I don't know.
>
> He's like a big baby.  He goes around trying to check on Facebook, trying to investigate where I'm going, who I'm talking to so he can send – when this – here, I'll quote for you the email thread.
>
> He sends from some email address, mcos@grove28, you know, to everybody I work with at every given moment badmouthing me, you know, saying I'm scum, you know, I money launder, et cetera, et cetera, …

(Doc. 238-28, p. 14.)[3]  Skypoint contends that Zaroui's admission that "Skypoint didn't hack [his] emails," puts any alleged misconduct solely on Dreni, and summary judgment in its favor is proper.  (Doc. #239, p. 18; Doc. #260, pp. 2-3.)

In their collective response to Skypoint and Dreni's motions, 3 Amigos and Zaroui cite the following evidence to support the claim: (1) a November 30, 2018 notice that Zaroui's email account had been accessed by an unknown source (Doc. #251-5); (2) a threatening text message from Dreni to Zaroui with sensitive information about investors from various locations (Doc. #251-6); (3) a text message exchange between Dreni and Balsamo, discussing Zaroui's alleged email hack (Doc. #251-7); and (4) a February 7, 2018 text from Dreni to Crawford, attaching a copy of Zaroui's passport (Doc. #251-8).[4]  3 Amigos and Zaroui do not address Zaroui's deposition testimony or his statement that "Skypoint didn't hack my email."

Based on the foregoing, Dreni and Skypoint have not carried their burden of showing the Court that there are no genuine issues

---

[3]  Skypoint only provided select pages from Zaroui's deposition, and did not provide the page before or after quoted sections to provide context.

[4]  Dreni does not dispute that he sent the text message to Crawford with Zaroui's passport.  The parties do, however, hotly contest how Dreni got a copy of the passport, demonstrating another dispute of fact and making summary judgment inappropriate.  (Doc. #241, pp. 14-16; Doc. #251.)

of material fact that should be decided at trial.  A reasonable factfinder could view Zaroui and 3 Amigos' exhibits, weigh Dreni and Zaroui's testimony, and infer that Zaroui's email account was illegally accessed by Dreni.

The Court is also not persuaded that Zaroui's statement that "Skypoint didn't hack [his] email," releases Skypoint of liability.  The claim, as alleged, is asserted against Skypoint and Dreni jointly and severally.  Zaroui's deposition testimony is clear that Zaroui believes Dreni accessed his email.  Based on the record, the Court cannot say with any certainty that Dreni's alleged actions were not on behalf of Skypoint as managing member, nor do the parties discuss this issue.[5]

Accordingly, Skypoint and Dreni's motions on the SCA claim are denied.

### C.  Tortious Interference with Contract Claim

3 Amigos asserts a tortious interference with contract claim against Skypoint and Dreni, arising from Skypoint and Dreni's alleged interference with Kaufman's post-production of the Movie.

---

[5] "Generally, managing members, officers, directors and shareholders are shielded from personal liability arising by virtue of their relationship to the corporate entity." NuVasive, Inc. v. Absolute Med., LLC, No. 617CV2206ORL41GJK, 2019 WL 1468522, at *4 (M.D. Fla. Feb. 11, 2019) (quotation omitted).  Dismissing the SCA claim against Skypoint at this time could also lead to inconsistency given Dreni's potential shield by Skypoint, as the corporate entity.

(Doc. #152, p. 35.)   At the pleading stage, Skypoint moved to dismiss this claim, presenting, in essence, the same documents, declarations, and arguments as Skypoint and Dreni do now.   (Doc. #136.)[6] Skypoint and Dreni cite the same declaration from Kaufman. (Id. pp. 15-18).   The Court has already discussed the disputed nature of Kaufman's declaration.   (Doc. #151, p. 13.)   The Court stated in that Order:

> To the extent Skypoint suggests the Court should grant summary judgment on the tortious interference claim based on the declaration, the Court finds there is a genuine dispute of material fact precluding such an outcome. See Fed. R. Civ. P. 56(a).

(Doc. #151, p. 14.)   After review of the summary judgment record, genuine issues of material fact still exist.   Skypoint and Dreni's motions are denied.

Accordingly, it is now

**ORDERED**:

1.   Dreni's motion for summary judgment (Doc. #241) is **DENIED**.

---

[6] In that Order, the Court considered Counterclaim Plaintiffs first Counterclaim, which asserted a tortious inference with contract claim on behalf of all Counterclaim Plaintiffs.  The Court dismissed without prejudice, with leave to amend, the claim as it related to Zaroui, Crawford, and BlackburnSteele because the three were not a party to the alleged contract. (Doc. #122; Doc. #151.) The operative Counterclaim limited the claim to 3 Amigos only; however, the alleged underlying facts remain the same.  (Compare Doc. #122 p. 25-26 with Doc. #152, p. 30-31.)

2.   Skypoint's motion for summary judgment (Doc. #239) is

**DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this   27th   day

of December, 2021.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

13