```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

SKYPOINT ADVISORS, LLC.,

    Plaintiff/Counter
    Defendant,

v.                                 Case No: 2:18-cv-356-JES-MRM

3 AMIGOS PRODUCTIONS LLC.,
BLACKBURNSTEELE LLC., ISSA
ZAROUI, and MARK C CRAWFORD,

    Defendants/
    Counterclaimants.

_____

3 AMIGOS PRODUCTIONS LLC.,
BLACKBURNSTEELE LLC., ISSA
ZAROUI, and MARK C CRAWFORD,

    Third-Party
    Plaintiffs,

v.

DENIS DRENI,

    Third-Party
    Defendant.

_____

## ORDER AND OPINION

This matter comes before the Court on three motions in limine filed by the parties. (Docs. ## 270, 271, 277.) Responses to the motions have been filed (Docs. ## 285, 286, 287). The motions are resolved as set forth below.

I.

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). These motions "are generally disfavored." Acevedo v. NCL (Bah.) Ltd., 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." Id. "A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." McHale v. Crown Equip. Corp., No. 8:19-cv-707-VMC-SPF, 2021 WL 4527509, at *1, at *3 (M.D. Fla. Oct. 1, 2021) (citing LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012)). "Nor may a party use a motion in limine to sterilize the other party's presentation of the case." Harris v. Wingo, No. 2:18-CV-17-FTM-29MRM, 2021 WL 5028201, at *1 (M.D. Fla. Oct. 29, 2021) (cleaned up). Additionally, the Supreme Court has cautioned:

> The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.

Luce, 469 U.S. at 41-42. "A denial of a motion in limine is not a ruling which affirmatively admits any particular evidence,"

2

Harris, 2021 WL 5028201, at *1, and does not preserve an issue for appellate review. United States v. Gari, 572 F.3d 1352, 1356 n.2 (11th Cir. 2009).

## II.

All the parties wish to exclude something which an opponent believes to be properly admissible. The Court begins with Plaintiff Skypoint Advisors, LLC. (Skypoint's) Motion (Doc. #271) and the Response. (Doc. #287.) The motion is granted in part and denied in part, using the same sub-paragraph numbering as in the Motion:

1. Plaintiff seeks to exclude any reference to other unrelated litigation involving Skypoint, or its member, Denis Dreni, and any attempt to characterize Dreni as an "abusive litigant" based upon those irrelevant cases, and all other evidence related thereto. The Court cannot determine that such evidence is clearly inadmissible for any purpose, and therefore the motion in limine is **denied**. The Court reminds counsel that a denial of a motion in limine does not mean the evidence will be admitted at trial. If an objection(s) is made to such evidence, the Court will make its determination based on the state of the record at that time.

2. Plaintiff seeks to exclude any testimony as to improper character evidence in the form of attempting to allege or imply that Dreni was acting in an immoral manner. While "improper"

character evidence is by definition not admissible, the parties disagree whether the anticipated evidence is improper or not. As with paragraph 1, the Court cannot determine that such anticipated evidence is clearly inadmissible for any purpose, and therefore the motion in limine is **denied.**

3.   Plaintiff seeks to exclude all references to 3 Amigos' individual managing members being employed by the United States government, or alluding to the United States government's approval of the Film. As with paragraph 1, the Court cannot determine that such anticipated evidence is clearly inadmissible for any purpose, and therefore the motion in limine is **denied.**

4.   Plaintiff seeks to exclude any testimony attempting to allege that Dreni smoked marijuana or provided marijuana to others. Such testimony may (or may not) be admissible. For example, if Dreni had smoked marijuana at a time which may affect his recall of relevant events, the chances of that evidence being admissible are increased. As with paragraph 1, the Court cannot determine that such anticipated evidence is clearly inadmissible for any purpose, and therefore the motion in limine is **denied.**

5.   Plaintiff seeks to exclude any double hearsay testimony or any commentary by defense witnesses on the content of documents which have not been admitted to evidence. The Court does not have any idea what this refers to, and while it sounds generally correct, it may not always be so. For example, an expert may

4

consider certain types of documents which have not been admitted into evidence. As with paragraph 1, the Court cannot determine that such anticipated evidence is clearly inadmissible for any purpose, and therefore the motion in limine is **denied.**

6. Plaintiff seeks to exclude any admission of the purported Google notification that Zaroui claims to have received, and that he believes indicates that his email account was hacked, without first requiring the declarant of that statement to testify and authenticate the statement. The Court cannot resolve the parties' evidentiary dispute in a vacuum, and would simply note that the party seeking admission of a document will have the burden of establishing its admissibility. As with paragraph 1, the Court cannot determine that such anticipated evidence is clearly inadmissible for any purpose, and therefore the motion in limine is **denied.**

7. Plaintiff seeks to exclude any undisclosed document or communications relating to the counterclaims' damages which were not provided by Defendants in response to Skypoint's discovery requests. As with paragraph 1, the Court cannot determine that such anticipated evidence is clearly inadmissible for any purpose, and therefore the motion in limine is **denied.**

8. Plaintiff seeks to exclude any and all personal opinions and/or speculations about what prompted the Gmail notification without first providing a proper foundation. As with paragraph 1,

5

the Court cannot determine that such anticipated evidence is clearly inadmissible for any purpose, and therefore the motion in limine is **denied**.

9. Plaintiff seeks to exclude any statements by 3 Amigos that its members viewed Dreni's proposal as something that might be perceived as an attempt to potentially bribe or otherwise improperly incentivize Albanian public officials in the QKK in order to ensure that the movie secured funds. As with paragraph 1, the Court cannot determine that such anticipated evidence is clearly inadmissible for any purpose, and therefore the motion in limine is **denied**.

10. Plaintiff seeks to exclude any name dropping of celebrities that are not relevant to the issues of this case. At this point, the Court cannot determine who is a celebrity and whether he or she is relevant to the issues in the case. As with paragraph 1, the Court cannot determine that such anticipated evidence is clearly inadmissible for any purpose, and therefore the motion in limine is **denied**.

11. Plaintiff seeks to exclude any opinion testimony by Crawford under the guise of expert opinion testimony. For the reasons set forth in the Opinion and Order (Doc. #289), Crawford will not be allowed to testify as an expert. This portion of the motion is **granted**.

12. Plaintiff seeks to exclude any improper admission of transcripts, affidavits, or documents, through testimony without those items first being admitted into evidence by the Court. While this appears to be the normal trial practice, the Court has no idea of the import of the request. As with paragraph 1, the Court cannot determine that such anticipated evidence is clearly inadmissible for any purpose, and therefore the motion in limine is **denied.**

13. Plaintiff seeks to exclude any assertions of character evidence whether positive or negative. As with paragraph 1, the Court cannot determine that such anticipated evidence is clearly inadmissible for any purpose, and therefore the motion in limine is **denied.**

14. Plaintiff seeks to exclude any reputational speculation/opinion testimony without prior authentication or predicate, when making statements regarding non-parties' involvement in the subject matter of the litigation. The Court has no idea what this means. As with paragraph 1, the Court cannot determine that such anticipated evidence is clearly inadmissible for any purpose, and therefore the motion in limine is **denied.**

15. Plaintiff seeks to exclude any testimony regarding hearsay statements from third-parties in an attempt to prove the truth of the matter asserted that Crawford and Zaroui allege they were injured from the alleged defamation, such as statements made

7

by people who purportedly did not hire them.  Unless an exception applies, and a party objects to the question at trial, hearsay will not be admitted.  As with paragraph 1, the Court cannot determine that such anticipated evidence is clearly inadmissible for any purpose, and therefore the motion in limine is **denied**.

16.  Plaintiff seeks to exclude all documents in foreign languages.  The motion is **denied** on the condition that the party offering the evidence provides a proper translation.  See Banco Intercontinental, S.A. v. Alvarez Renta, No. 04-20727-CIV, 2005 WL 8168713, at *1 (S.D. Fla. Oct. 13, 2005).[1]

17.  Plaintiff seeks to exclude all text messages in foreign languages.  The motion is **denied** as set forth in paragraph 16.[2]

### III.

Third-party defendant Dreni also seeks to exclude a wide range of information and conduct.  (Doc. #270.)  Third-party plaintiffs filed a response.  (Doc. #286.)  The motion is **denied** in its entirety.  The Court applies the Federal Rules of Evidence.  ML Healthcare Services, LLC v. Publix Super Markets, Inc., 881 F.3d

---

[1] The parties should try to submit only official or stipulated translations of any evidence in a foreign language.  If this is not possible and one party believes that the other party's translation is inaccurate, the party challenging the accuracy of the translation may submit another translation, and both parties may submit evidence to support the accuracy of their translation.  The jury may then decide which translation is accurate.

[2] See, supra, fn. 1.

1293, 1299 (11th Cir. 2018). Yet Dreni only cites to Florida law. Additionally, a motion in limine is intended to address the admissibility of evidence, not the conduct of counsel at trial. Thus, while the conduct in paragraphs 4, 5, 6, 7, 8, and 11 are generally not appropriate, they are also not subject to a motion in limine. The evidence sought to be excluded in paragraphs 1, 2, and 3 may indeed be admissible under Fed. R. Evid. 701 depending on the foundation at trial. Finally, the arguments sought to be excluded in paragraphs 9 and 10 may be appropriate, depending on the evidence admitted at trial.

## IV.

Defendants also seek to exclude certain information and conduct. (Doc. # 277.) Skypoint filed a response in opposition. (Doc. #285.) Defendants cite no legal authority at all. None of the motions provide sufficient information for the Court to determine that such anticipated evidence or argument is clearly inadmissible for any purpose, and therefore the motion in limine is **denied**.

Accordingly, it is now

**ORDERED:**

1. Denis Dreni's Motion in Limine (Doc. #270) is **DENIED**

2. Skypoint's Motion in Limine (Doc. #271) is **DENIED** except for ¶ 11, which is **GRANTED**.

3. 3 Amigos Productions, LLC, BlackburnSteele LLC, Mark Crawford, and Issa Zaroui's Motion is Limine (Doc. #277) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __15th__ day of February, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

10