```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SKYPOINT ADVISORS, LLC.,

        Plaintiff/Counter
        Defendant,

v.                                  Case No: 2:18-cv-356-JES-MRM

3 AMIGOS PRODUCTIONS LLC.,
BLACKBURNSTEELE LLC., ISSA
ZAROUI, and MARK C CRAWFORD,

        Defendants/
        Counterclaimants.

_____

3 AMIGOS PRODUCTIONS LLC.,
BLACKBURNSTEELE LLC., ISSA
ZAROUI, and MARK C CRAWFORD,

        Third-Party
        Plaintiffs,

v.

DENIS DRENI,

        Third-Party
        Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on the parties' Joint Pre-Trial Statement (Doc. #274). Also before the Court are the following requests: (1) Defendants' Request for Judicial Notice (Doc. #294); (2) Plaintiff's Motion for Out-of-State Non-Party Witnesses to Testify by Telephone or Video Conference (Doc. #295);

and (3) Plaintiff's Motion for Leave to File Notice of an Additional Composite Exhibit (Doc. #300).

**I.**

The Court held a final pretrial conference with the parties on March 29, 2022. The following shall govern the case:

1. The operative pleadings are as follows:

    a. Plaintiff's Third Amended Complaint (Doc. #93);

    b. Defendants' First Amended Answer, Affirmative Defenses, and Counterclaims and Third-Party Complaint (Doc. #152);

    c. Plaintiff's Answer and Affirmative Defenses (Doc. #186);

    d. Third-Party Defendant's Answer and Affirmative Defenses (Doc. #187).

2. The following exhibits, to which there were no objections, are admitted into evidence as of the date of this Order and may be used at trial without further formal admission:

    a. Plaintiff's Exhibits A, B, K, M, and AG;

    b. Defendants' Exhibits 3, 4, 29, 38, 39, 43, 45, 66, 67, 71, 109, and 117; and

    c. Defendants' Exhibit 1 is admitted subject to Plaintiff's objection that Exhibit 1 not be published to the jury during the trial. The Court

takes under advisement Defendants' request to show the entirety of Exhibit 1 to the jury during trial, pending the evidence presented at trial.

3. Plaintiff's motion to add an additional composite exhibit to its exhibit list (Doc. #300) is **GRANTED**. The Court expresses no opinion on the admissibility of the exhibit.

4. Trial remains as scheduled for **April 4, 2022 at 9:00 a.m.**

**II.**

Defendants request that the Court take judicial notice of three documents in two prior cases involving third-party defendant and managing member of Skypoint Denis Dreni. (Doc. #294.) Skypoint opposed the motion. (Doc. #298.) The Court heard argument on the motion during the final pretrial conference. For the reasons set forth, the motion is **DENIED**.

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "This includes 'public records within its files relating to the particular case before it or other related cases.'" Armstrong v. U.S. Bank Nat'l Ass'n, No. 8:21-CV-2648-CEH-SPF, 2022 WL 451506, at *1 (M.D. Fla. Jan. 26, 2022) (quoting Cash Inn of Dade, Inc. v.

Metro. Dade Cty., 938 F.2d 1239, 1243 (11th Cir. 1991)). Additionally, the Court may take judicial notice of a document filed in another court, not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. Id. (citing United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)). "The party requesting judicial notice bears the burden of persuading the court" that it may take judicial notice. United States v. Stinson, No. 614CV1534ORL22TBS, 2016 WL 8488240, at *9 (M.D. Fla. Aug. 26, 2016) (quotation omitted).

Defendants assert that the Court should take judicial notice of: (1) Defendant's Answer and Affirmative Defenses, Dreni v. PrinterOn America Corp., Case. No. 1:18-cv-12017 (S.D.N.Y Feb. 18, 2019), ECF No. 11; (2) Opinion and Order Denying Motion for Reconsideration, Dreni v. PrinterOn America Corp., Case. No. 1:18-cv-12017 (S.D.N.Y Sept. 3, 2021), ECF No. 97; and (3) a loan modification agreement between Dreni and Well Fargo from a Florida state court case with signature dates in spring/summer of 2019, Wells Fargo v. Dreni, Case. No. 2018-CA-3263 (Fla. Collier Cty. July 16, 2019). (Doc. #294, pp. 3-148.) However, in the motion, Defendants only supply the documents and fail to make any argument demonstrating that judicial notice is warranted.

At the final pretrial conference, counsel for Defendants argued that the documents were essential to establishing a timeline

related to Skypoint's fraud allegations. Skypoint and Dreni argued that the documents are irrelevant or unduly prejudicial. Based on the arguments of counsel, the Court is not convinced that these documents are being offered for an admissible purpose. Defendants have failed to carry their burden of demonstrating that the Court must take judicial notice of the documents. The request is **DENIED without prejudice** to renewing the request in light of the evidence presented at trial.

### III.

Skypoint seeks permission to present the testimony of three witnesses – William Kaufman, Marco Balsamo, and Lulzim Vulashi – via remote video at trial. (Doc. #295.) Defendants oppose the request. (Doc. #299.) The Court heard argument on the motion during the final pretrial conference. For the reasons set forth, the motion is **DENIED**.

"At trial, the witnesses' testimony must be taken in open court." Fed. R. Civ. P. 43(a); see also id. at advisory committee's note to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten."). However, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Id.

"The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to

attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." Id. at advisory committee's note to 1996 amendment. Remote testimony "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." Id. "A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." Id. A party seeking remote testimony should give notice "as soon as the reasons are known." Id.

Skypoint asserts that good cause in compelling circumstances exists because the three witnesses "reside outside of the jurisdiction." (Doc. #295, ¶ 11.) Kaufman resides in Dallas, Texas; Balsamo resides in New York, New York; and Vulashi resides in Florence, Italy. (Id. ¶ 2-4.) Skypoint also states that Kaufman is expected to be shooting a movie during dates that conflict with trial and that Balsamo "will be out of the country, in Italy, for a soccer tournament." (Id. ¶ 12.)

The Court does not find good cause in compelling circumstances to permit Kaufman, Balsamo, and Vulashi to testify remotely. The only excuse made for the three witnesses is the inconvenience of travel,[1] which does not satisfy Rule 43. E.g., Ballesteros v.

---

[1] During the final pretrial conference, counsel for Dreni argued that the witnesses were also essential to Defendants' case;

Wal-Mart Stores E., LP, No. 2:19-CV-881-SPC-NPM, 2021 WL 2917553, at *1 (M.D. Fla. July 12, 2021) (travel and work obligations do not satisfy rule); Novello v. Progressive Express Ins. Co., No. 8:19-CV-1618-KKM-JSS, 2021 WL 1751351, at *2 (M.D. Fla. May 4, 2021) (inconvenience of traveling 1,071 miles does not establish good cause and compelling circumstances).

Additionally, this matter has been set for the April 2022 trial term since November 2021 and a date certain was set February 14, 2022, yet Skypoint waited until two weeks before trial to request remote testimony.[2]  Given the location of the witnesses and Skypoint's knowledge of the witnesses, the circumstances surrounding Skypoint's request were reasonably foreseeable.  E.g.,

---

however, Defendants do not list Kaufman, Balsamo, or Vulashi as potential witnesses. (Doc. #274, § 5.)  Counsel also argued concern for COVID-19 travel.  But, the record indicates (at least) Kaufman and Balsamo have no issues traveling.

[2] The Court originally set trial for a date certain of March 28, 2022.  (Doc. #282.)  In a joint motion for a trial date "no sooner than April 4, 2022," counsel represented to the Court:

> The undersigned attorneys told numerous witnesses in this case to plan on appearing for trial on April 4, 2022.  There are witnesses traveling from Albania, **Italy**, **New York**, California, **Texas**, and possibly Bulgaria and have planned accordingly.  A change in trial would require a change in travel plans which is not easily done and may not be able to be done in some instances.

(Doc. #283, ¶¶ 3-4 (emphasis added).)  The Court granted the motion based on this representation that witnesses' travel plans were already made and could not be easily changed.

Powers v. Target Corp., Case No. 19-cv-60922-BLOOM/Valle, 2020 WL 8970607, at *2 (S.D. Fla. Mar. 9, 2020) (concluding that plaintiff failed to establish good cause under Rule 43(a) where the "explanations submitted to the Court reflect[ed] the entirely foreseeable inconvenience" to the witness of "having to interrupt his busy schedule to attend trial in person" and explaining that the "inconvenience" of paying for a witness's travel and lodging expenses does not constitute the "type of 'good cause' or 'compelling circumstances' that would warrant granting Plaintiff's Motion"); Lamonica v. Safe Hurricane Shutters, Inc., No. 07-61295-CIV, 2011 WL 917726, at *1 (S.D. Fla. Feb. 18, 2011) (concluding that the alleged financial and logistical burdens of attending trial did not constitute "good cause" or "compelling circumstances" under Rule 43, even where the plaintiffs lived outside of the country and would have to travel internationally). Accordingly, Skypoint's request to allow Kaufman, Balsamo, and Vulashi to testify remotely is **DENIED**.

Alternatively, Skypoint requests that the Court "consider allowing the parties time to conduct video depositions to perpetuate testimony for [Kaufman, Balsamo, and Vulashi]." (Doc. #295, ¶ 14.) At the final pretrial conference, counsel for Skypoint represented that no party has deposed Kaufman, Balsamo, or Vulashi. Skypoint, therefore, must show good cause to modify the May 21, 2021 discovery deadline in the Case Management and Scheduling

Order.  (Doc. #213.)  Fed. R. Civ. P. 16; Spencer v. United States, No. 617CV887ORL41TBS, 2019 WL 2287962, at *1 (M.D. Fla. May 29, 2019) ("Case law in this district recognizes that the rules make no distinction between trial depositions and discovery depositions").  Skypoint has not shown good cause or that the prior deadline could not be met despite diligence.  Skypoint's alternative request is **DENIED**.

Accordingly, it is hereby

**ORDERED**:

1. Trial shall be governed as outlined in § I.
2. Defendants' Request for Judicial Notice (Doc. #294) is **DENIED without prejudice**.
3. Plaintiff's Motion for Out-of-State Non-Party Witnesses to Testify by Telephone or Video Conference (Doc. #295) is **DENIED.**
4. Plaintiff's Motion for Leave to File Notice of an Additional Composite Exhibit (Doc. #300) is **GRANTED.**

**DONE and ORDERED** at Fort Myers, Florida, this __29th__ day of March, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record