```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

SKYPOINT ADVISORS, LLC.,

    Plaintiff/Counter
    Defendant,

v.                              Case No: 2:18-cv-356-JES-MRM

3 AMIGOS PRODUCTIONS LLC.,
BLACKBURNSTEELE LLC., ISSA
ZAROUI, and MARK C CRAWFORD,

    Defendants/
    Counterclaimants.

_____

3 AMIGOS PRODUCTIONS LLC.,
BLACKBURNSTEELE LLC., ISSA
ZAROUI, and MARK C CRAWFORD,

    Third-Party
    Plaintiffs,

v.

DENIS DRENI,

    Third-Party
    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Reconsideration or in the Alternative Emergency Motion for Continuance (Doc. #310) filed Friday, April 1, 2022. Trial is scheduled to begin on Monday, April 4, 2022. Given the emergency nature of the request, the Court decides the motion without waiting

for a response from Defendants. For the reasons set forth below, the motion is **DENIED**.

In the Motion, Skypoint requests that the Court reconsider its prior Order (Doc. #301) denying Skypoint's motion (Doc. #295) to present the testimony of three witnesses – William Kaufman, Marco Balsamo, and Lulzim Vulashi – via remote video at trial. (Doc. #295.) Defendants opposed the request. Based on Skypoint's representations in its first motion, Kaufman could not attend trial in-person because he is shooting a movie, Balsamo could not attend trial in-person because he intends to be at a soccer tournament in Italy, and Vulashi could not attend trial in-person because he is in Italy. The Court denied Skypoint's request because it had not shown good cause in compelling circumstances to depart from the mandatory rule that witness testimony at trial "must be taken in open court." Fed. R. Civ. P. 43(a). The Court also denied Skypoint's alternative request for leave to take video deposition testimony (for the first time) of the three witnesses because Skypoint failed to show good cause to modify the Case Management and Scheduling Order, in which discovery closed in May 2021. Fed. R. Civ. P. 16.

Skypoint now moves for reconsideration of the Court's prior Order. As an initial matter, Skypoint moves pursuant to Fed. R. Civ. P. 60(b). Rule 60(b) allows a party to seek relief of a "**final** judgment, order, or proceeding." Fed. R. Civ. P. 60(b)

(emphasis added). The Court's Order was not a final Order, so Rule 60(b) does not apply.

A non-final order may be revised at any time before the entry of a final judgment. Fed. R. Civ. P. 54(b). The decision to grant a motion for reconsideration is within the sound discretion of the trial court and may be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). "The courts have delineated three major grounds justifying reconsideration of such a decision: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

"A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1073 (M.D. Fla. 1993); PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the

factual or legal underpinning upon which the decision was based." Taylor Woodrow, 814 F. Supp. at 1072-73.

"A motion for reconsideration does not provide an opportunity to simply reargue - or argue for the first time - an issue the Court has already determined. Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Grey Oaks Cty. Club, Inc. v. Zurich Am. Ins. Co., No. 2:18-cv-639-FtM-99NPM, 2019 WL 4594591, at *2, 2019 U.S. Dist. LEXIS 161559, at *5 (M.D. Fla. Sep. 23, 2019) (citing Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988) (quotations omitted)). Reconsideration of a court's order "is an extraordinary remedy and a power to be 'used sparingly,'" Santamaria v. Carrington Mortg. Servs., LLC, 2019 U.S. Dist. LEXIS 129682, 2019 WL 3537150, *2 (M.D. Fla. July 10, 2019) (citation omitted), with the burden "upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. of Hillsborough Cty., Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied.

Skypoint fails to demonstrate that one of the three limited categories applies. At most, Skypoint attempts to provide "new evidence" of the circumstances surrounding Kaufman's and Balsamo's (not Vulashi's) inability to appear in-person. (Doc. ## 310-1,

310-2.) But the underlying circumstances are still the same: Kaufman is on a movie set and Balsamo is at a soccer tournament in Italy. Skypoint has failed to carry its burden of showing that the extraordinary remedy of reconsideration is warranted.[1]

Skypoint alternatively request an emergency continuance of the trial because Kaufman, Balsamo, and Vulashi are "essential" witnesses. Skypoint's request is unavailing.

Skypoint filed this action nearly four years ago and has known of the identity of Kaufman, Balsamo, and Vulashi for the entirety of the litigation. Their identities were not hidden, Skypoint knew they did not live in Florida, and their inability to provide live, in-person testimony was completely and reasonably foreseeable. Fed. R. Civ. P. 43, advisory committee's note to 1996 amendment. Skypoint, nevertheless, made the conscious decision not to depose its "essential" witnesses.[2] Defendants,

---

[1] The cases Skypoint cites in support of its request are not applicable. Skypoint cites Justice O'Connor's dissent in Swidler & Berlin v. United States, which is a case about attorney-client privileges. 524 U.S. 399, 411 (1998). Skypoint provides a quote from Unites States v. Bryan, which quote is discussing exemptions for testifying or producing records. 339 U.S. 323 (1950). Skypoint cites Justice Scalia's dissent in Jaffee v. Redmond, which is a case about psychotherapist-patient privilege. 518 U.S. 1, 36 (1996). Skypoint cites an Eleventh Circuit case, United States v. Drogoul, which discusses using depositions at trial in criminal cases. 1 F.3d 1546, 1552 (11th Cir. 1993).

[2] See e.g., Peeler v. KVH Indus., Inc., No. 8:12-CV-1584-T-33MAP, 2013 WL 12155937, at *4 (M.D. Fla. Dec. 16, 2013) (denying motion to allow trial deposition in lieu of live testimony "not merely because the discovery period has ended, but also because Peeler offers no explanation for his failure to depose these

defense counsel, and the Court would be unduly burdened by delaying the trial at this late juncture so Skypoint may reopen discovery or find a more convenient time for Skypoint to present its case.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Reconsideration or in the Alternative Emergency Motion for Continuance (Doc. #310) is **DENIED.**

2. Trial remains as scheduled for April 4, 2022 at 9:00 a.m.

**DONE and ORDERED** at Fort Myers, Florida, this ___1st___ day of April, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

witnesses before the close of discovery and because Peeler delayed in requesting to depose these witnesses until one month before the start of the trial term."); then see Peeler v. KVH Indus., Inc., No. 8:12-CV-1584-T-33TGW, 2014 WL 201754, at *2 (M.D. Fla. Jan. 17, 2014) (denying emergency motion for continuance of trial because "delaying the trial at this late juncture so that Peeler may conduct additional discovery would be exceedingly burdensome to the Court as well as Peeler's opposing party and counsel").